DELIA SULLIVAN, Admx., *vs.* NICHOLSON FILE COMPANY.

PROVIDENCE—FEBRUARY 14, 1900.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1)    *Negligence. Duty of Employer. Fellow-Servant. Knowledge of Defects.*

On the trial of an action to recover damages alleged to have been suffered by the plaintiff's intestate through the negligence of the defendant corporation, the evidence submitted by the plaintiff showed that at the time of the accident the intestate was one of five men engaged in mov-

ing a grindstone about six feet in diameter and a foot in thickness and weighing about two tons. A wooden bar was inserted in the hole in the centre of the stone for the purpose of keeping it perpendicular and guiding it while in motion, and two men, one of whom was the intestate, had charge of the bar, he being on the end. Two men were at the back of the stone to push it, and one was in front to prevent too rapid motion. It was also the duty of the latter to look out and direct where the stone was to go. While rolling the stone across the floor of one of the rooms it came upon a slight rise in the floor, and as it went over this it acquired an increased momentum and then went into a depression in the floor, became unmanageable, tipped over, and crushed the intestate against the wall. The depression had been in the floor some time, and looked like an old place. At the trial of the action the plaintiff was nonsuited. Upon petition for a new trial:—

*Held,* that it did not appear there was any occasion for rolling the stone over the defects in the floor, or but that some precaution might have been taken to obviate such defects.

*Held,* further, the defects in the floor were evidently old and obvious, and hence the persons rolling the stone were chargeable with notice and were bound to take notice of the operation of the law of gravitation.

*Held,* further, that even if the intestate was in such a position that he could not personally see the defects, the man in front could have seen them, and if the accident was a result of the latter's negligence, it was that of a fellow-servant.

*Held,* further, that, from the facts stated, the intestate might have known of the defects by the exercise of the most ordinary degree of care, and hence could not recover.

*Held,* further, that the evidence failed to show any emergency in connection with the rolling of the stone over the defects, except that occasioned by the negligence of the men in charge, and that an employee could not, by his own carelessness, create an emergency requiring sudden and dangerous action and hold his employer responsible for the consequences thereof.

TRESPASS ON THE CASE for negligence. The facts are stated in the opinion. Heard on petition of plaintiff for a new trial. New trial denied.

TILLINGHAST, J. The plaintiff's intestate, at the time of receiving the injuries hereinafter referred to, which resulted in his death, was in the employ of the defendant corporation as a laborer, and had been for three or four years next preceding the time of the accident. In the manufacture of files the defendant corporation makes use of a number of large grindstones. When one of these stones becomes worn down so as to be unfit for further use, it is taken out and replaced

by a new one.  These stones, which are about six feet in diameter and a foot in thickness and weigh about two tons each, are stored in a shed or building outside of the grinding-room, and when a new one is required, a gang, generally consisting of five men, proceed to put another in its place.

At the time of the accident to plaintiff's intestate he was one of a gang of five men thus employed.  A wooden bar or lever was inserted in the hole in the centre of the stone for the purpose of keeping it in a perpendicular position and guiding it while rolling it to the place where it was to be installed ; and two men, one of whom was the plaintiff's intestate, had charge of said lever or bar, he being on the end.  Two of the men were stationed at the back of the stone to push it, and one was placed in front to prevent it from rolling too fast.  It was also his duty to look out and direct where the stone was to go.  While rolling the stone across the floor of the room next to that where it was to be installed, it came upon a slight rise or jog in the floor where, as we gather from the testimony (although it is not clearly brought out), a partition, or something of the sort, had formerly been located, and where, as the witness McGrath, says, "We start a little quicker when we shove over this inch."  Witness also said that "when you get over this inch it lifts quick, lifting down off the wall."  And that there had been no change in the "wall," as he called it, while he had been there, which was about four months.  As the stone went over this slight rise it acquired an increased momentum, and, according to the testimony of McGrath, it then went into a slight depression in the floor which ran parallel with the lever or bar, and immediately became unmanageable and tipped over, crushing the plaintiff's intestate against a wall and causing injuries from which he shortly afterwards died.  The depression in the floor had been there some time, and looked like an old place.  McGrath says it was about eight inches long and six inches wide, and tapered from the level of the floor to two inches deep.

At the trial of the case in the Common Pleas Division the plaintiff was nonsuited, and the case is before us on her peti-

tion for a new trial on the ground that the court erred in granting the nonsuit.

(1)    We do not think the plaintiff made out a case which entitled her to go to the jury.    In the first place it does not appear from the testimony that there was any occasion for rolling the stone over said obstructions or defects in the floor. For aught that appears the men might easily have avoided them altogether.    But even if it was necessary to go over them, some precaution might easily have been taken, such as the laying down of a board or plank, so as to obviate the unevenness in the floor, as the evidence shows had frequently been done by the men when rolling the stones over uneven surfaces outside the building.    Moreover, the defect in the floor was evidently an old and also an obvious one, and hence the persons rolling the stone were charged with notice thereof.    Indeed, it is evident from the testimony that they did know of it, and gave the stone a sudden push in order to get over the rise in the floor.    And it is familiar law, as well as every-day common sense, that a servant is bound to take notice of the law of gravitation and govern himself accordingly ; and if he fails to do so the risk is his own.    *Walsh* v. *St. Paul & Duluth Ry. Co.*, 27 Minn. 367, was a very similar case to the one before us.    There an employee in defendant's freight-house was injured while engaged in moving a large, heavy millstone, and he alleged that his injuries were due to the unevenness of the floor, the lack of a sufficient number of men to handle it, and the lack of a foreman of experience.    It appeared he had been working in handling freight for the defendant for a number of years.    It was held that he was chargeable with a knowledge of the dangers and assumed the risks.    1 Bailey's Per. Injuries, § 693.    The claim of plaintiff that as deceased was on the side of the stone next to the wall, and in such a position that he could not see the uneven place in the floor, he was not guilty of contributory negligence, cannot avail.    For even admitting that he could not see it, the man in front of the stone certainly could, and if the accident was due to his negligence the plaintiff cannot recover, he being a fellow-servant with the intestate

in moving the stone. Moreover, as already intimated, it is evident that the deceased himself either actually knew of the defect in the floor or might have known of it by the exercise of the most ordinary degree of care, and hence, on familiar principles of law, no recovery can be had.

The plaintiff further contends that, even assuming that the deceased knew of the defect in the floor, he is not chargeable with contributory negligence in rolling the stone over it, as in doing so he was acting in a case of emergency, and hence brings himself within the exception to the general rule.

To this contention it is sufficient to reply that the evidence fails to show any emergency in connection with the rolling of the stone, except that which was occasioned by the negligence of the men in charge of it. And it certainly cannot be seriously claimed that an employee can, by his own carelessness, create an emergency which requires sudden and dangerous action and then hold his employer responsible for the consequences thereof.

New trial denied, and case remitted to the Common Pleas Division for judgment.

*Dennis J. Holland*, for plaintiff.
*Walter B. Vincent*, for defendant.