BROCKMILLER *v.* INDUSTRIAL WORKS.

1. MASTER AND SERVANT — PERSONAL INJURIES — DECLARATION — SUFFICIENCY.

In an action by a servant against his master for personal injuries, declaration examined, and *held,* to contain sufficient averments of neglect of duty on the part of the master in not cautioning and instructing plaintiff as to the proper way to use a tool of which he was ignorant, and the great danger attending such use, and also in furnishing plaintiff with a tool not in good repair.[1]

2. SAME—CAUSE OF INJURY—EVIDENCE—SUFFICIENCY.

Evidence examined, and *held,* sufficient to sustain a verdict for plaintiff upon the allegation that plaintiff's injury was caused by a piece of iron flying from the rivet upon which he was working with a pneumatic chipping hammer and destroying his eye.

[1] As to duty of master to warn or instruct servant, see note to *James* v. *Rapides Lumber Co.* (La. Ann.), 44 L. R. A. 33.

3. SAME—FELLOW-SERVANTS.

Where a servant was injured by a piece of steel flying from a rivet which he was chipping with a pneumatic hammer, under order of his foreman and direction of his overseer, their failure to instruct him as to the proper way to use the tool, of which he was ignorant, and the danger attending its use, was not the negligence of a fellow-servant, barring his recovery against the master for the injury.

4. SAME—RELEASE—INSTRUCTIONS—ERROR FAVORABLE TO APPELLANT.

Where, in an action for injuries to a servant, a release is pleaded, and the evidence shows that plaintiff executed two, the one pleaded not being introduced in evidence, an instruction treating the release as in the case, leaving the question of fraud in its procurement to the jury, and holding that a sufficient tender of the consideration therefor has been shown, is more favorable to defendant than the record warrants, and defendant will not be heard to complain that a verdict should have been directed for it on that issue.

5. TRIAL—CONDUCT OF COUNSEL—PREJUDICE.

Improper conduct and remarks of counsel do not amount to reversible error, where the court promptly interfered and reprimanded the attorney, not permitting him to complete his statement, and in his charge instructed the jury to pay no attention to remarks of counsel and give them no consideration.

6. SAME—ORDER OF PROOF.

Where defendant, at the close of plaintiff's case, announces that no proofs will be offered on its part, it is proper to permit plaintiff to introduce proof which during the trial the court considered rebuttal.

7. SAME—DISCRETION OF COURT.

The matter of permitting plaintiff to put in further proofs after closing his case is within the sound discretion of the trial court, not prejudicial, and not reviewable, except where it clearly appears to be an abuse of discretion.

8. APPEAL AND ERROR—QUESTIONS REVIEWABLE—EXCESSIVENESS OF DAMAGES.

Where there is evidence upon which to base the verdict, the question of its excessiveness is one of fact which will not be reviewed, unless brought to the attention of the trial court by a motion for a new trial.

Error to Bay; Collins, J. Submitted February 12, 1907. (Docket No. 125.) Decided July 1, 1907.

Case by Louis Brockmiller against the Industrial Works for personal injuries. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Fred L. Vandeveer*, for appellant.

*E. E. Anneke (M. L. Courtright*, of counsel), for appellee.

McAlvay, C. J. Plaintiff brought suit against defendant for damages for personal injuries claimed to have been suffered by him on account of the negligence of defendant. He was a common laborer in the employment of defendant for several years, and while so employed had been injured twice—once on May 6, 1904, which resulted in the loss of the sight of his right eye, and later, having returned to work, he was injured in his left eye. Plaintiff's declaration contained two counts. Defendant with its plea gave notice of accord and satisfaction as to the claim made under the first count. At the close of plaintiff's case, defendant moved for an instructed verdict of no cause of action on both counts. Plaintiff then withdrew from the consideration of the jury his claim under the second count. The court denied defendant's motion. Defendant offered no testimony in the case. It was submitted to the jury upon the plaintiff's claim stated in the first count, for the injury which caused the loss of his right eye, and a verdict was rendered for $7,000, upon which a judgment was entered. Before considering the errors upon which it is claimed this judgment should be reversed, a brief statement of the facts upon which plaintiff relied will be helpful. He was a common laborer and helper about defendant's shops, and, without knowledge or skill as a mechanic, claims that he was set to work outside of the scope of his regular employment by defendant's foreman to use what

is known as a "pneumatic chipping hammer," without knowledge of how to use it, or any instructions that this was a tool requiring skill and experience to be safely operated; that it was powerful, dangerous, and in one respect out of repair; that he was ignorant of all this, and, not appreciating or being informed of the danger, while using the machine, he held it in such a position that a chip of steel from a rivet head, which he was cutting off with this hammer, flew into his right eye and destroyed it.

*First.* Defendant's first proposition is that plaintiff should not have been allowed to recover, because of the variance between the allegations of the declaration and his proofs, claiming that the only material allegation of the neglect of duty in the declaration is relative to the condition of the tool as to not being in good order and proper repair. An examination of this declaration discloses that the facts relied upon, as to plaintiff's ignorance and want of skill, the kind of labor to which he was accustomed, the danger from this tool in the hands of an inexperienced workman, etc., are specifically alleged. Then the duty of the master to properly instruct the plaintiff in the use of the tool, and its dangerous character, is stated, how to hold it to prevent pieces of iron when cut loose from flying into the eyes, "and to have instructed plaintiff fully in the premises, yet plaintiff says that defendant, well knowing its duty as aforesaid and plaintiff's ignorance in that respect, neglected its duty in the premises, and on said day set plaintiff to work using said machine or tool, and did not then and there have the same in good proper working condition and good repair and order as was its duty, but the same was out of repair, in that, etc., [describing wherein it was out of repair]." The allegation of the neglect of duty on the part of the master to caution and instruct plaintiff is clearly set forth, and is sufficient. Defendant overlooks the fact that plaintiff relied upon a neglect of duty in not cautioning and instructing plaintiff as to the proper way to

use the tool of which he was ignorant, and the great danger attending such use, and also upon a neglect of duty in not furnishing plaintiff with a tool in good repair. There was no variance between the declaration and the proofs. The court was not in error in admitting proofs to show negligence in both respects.

*Second.* Defendant claims that the proof failed to sustain the allegation in the declaration that the injury was caused by a piece of iron flying from the rivet on which plaintiff was working, and destroying his eye. A motion was made to direct a verdict on this account, and a request to so charge the jury was made. Both the motion and request were refused. This was not error. The testimony of the plaintiff and of other witnesses did not leave the jury, as defendant claims, to speculate and conjecture as to the cause of the injury. No one was working near plaintiff at the same kind of work. It was proven that the chisel did not break, and all the evidence upon the subject by expert witnesses was to the effect that plaintiff held the tool in a position which would throw the chips into his face. This was not a case where there was nothing more tangible to proceed upon than two or more conjectural theories, one more probable than the other.

*Third.* Defendant urges that the court erred in not instructing a verdict in its favor, because the risk, if any, was assumed; because plaintiff was guilty of contributory negligence; and because of the negligence of a fellow-servant. These reasons, among others, were included in the motion for an instructed verdict which was denied. Defendant later asked the court to charge the jury upon the questions of assumed risk and contributory negligence, and three such requests as presented were given. The fourth was properly refused. It appears, without dispute, that plaintiff was set to work with this tool by the foreman in authority over him, chipping on some beams for three-quarters of a day the first day. He continued working with this tool the next morning, chipping off rivet heads. Mr. Kilbern, the overseer of the car he was work-

ing on, told him what rivet heads to chip off. Plaintiff testifies he worked under Farquarson's (the foreman's) order with the chipping hammer until he was hurt. The foreman was present while he was doing that work. He testified:

"At the time he was hurt, I was standing close to him, having just arrived with a lighter hammer. It was possibly half an hour before he got hurt that he requested me to get a lighter one."

The foreman saw him working on the rivet heads, and says that it was the same class of work, and plaintiff was expected to do any chipping necessary with the chipper. The question of the negligence of a fellow-servant under this evidence was not in the case. The court was not in error in refusing to charge as requested upon this question.

*Fourth.* Defendant pleaded accord and satisfaction for all damages on account of loss and injury to plaintiff in bar to his recovery under the first count of his declaration. A motion was made to direct a verdict for defendant on account of release and settlement. The denial of this motion is assigned as error. The question was finally submitted to the jury as one of fact to be found by them. Defendant claimed it had obtained on May 16, 1904, from plaintiff a signed statement of how the accident occurred; also, on May 27, 1904, two receipts and releases, each for the consideration of $1, and the second one reciting as a further consideration the payment of a surgeon's bill of $25, being in full accord and satisfaction and release for all damages and injury on account of the loss of plaintiff's right eye. These documents were offered during the cross-examination of plaintiff on the trial. At the time of the trial he was totally blind, and consequently could not identify his signature. He denied several of the material facts contained in the statement, and swore that the papers were not read to him, and that nothing was said in relation to a release or settlement. He stated that he

could not see to read at the time defendant's attorney visited him; that a dollar was left on the table, which he pushed from him, saying he did not want it; that the representative of defendant pushed it back, and walked out. Plaintiff insists that this question is not in the case, for the reason that no evidence of the accord and satisfaction pleaded was introduced. The second receipt and release was the one pleaded, and it does not appear to have been introduced in evidence. The first receipt was put in evidence, and the court treated the question as in the case, submitting the matter to the jury to determine whether or not fraud had been practiced upon plaintiff in securing his signature to the release, and held that from the evidence a sufficient tender of the dollar received by him had been made. As this was more favorable to defendant than the record warranted, it will not be heard to complain.

*Fifth.* Error is assigned upon improper conduct and remarks of plaintiff's attorneys during the trial. The court promptly interfered and reprimanded the attorney, not permitting him to complete his statement, and in his charge instructed the jury to pay no attention to remarks of counsel and give them no consideration. The conduct complained of did not amount to reversible error.

Error is also assigned upon the action of the court in permitting the recall of the plaintiff twice after resting his case. The fact that defendant announced that no proofs would be offered on its part made it proper for plaintiff to offer proofs, which during the trial were considered by the court as rebuttal, and not error for the court to allow. The whole matter of permitting plaintiff to put in further proofs was within the sound discretion of the trial court, not prejudicial to defendant, and not reviewable, except it should clearly appear to be an abuse of such discretion, of which in this case there is not the slightest evidence.

*Sixth.* The only remaining error assigned necessary to discuss is that the damages awarded plaintiff are excessive. No motion for a new trial was made on this

ground, nor was objection to the verdict as excessive made in the trial court. The general practice is that, unless a motion for a new trial upon that ground is made and denied, the question will not be considered in this court. In the case of *McDonald* v. *Steel Co.*, 140 Mich. 401, 413, Justice BLAIR, speaking for the court, said:

"A verdict which has no evidence upon which to base it is, in law, erroneous, and error can be assigned upon it without making a motion for a new trial."

That case was distinguished from *Hunn* v. *Railroad Co.*, 78 Mich. 513 (7 L. R. A. 500), and *Coots* v. *City of Detroit*, 75 Mich. 628 (5 L. R. A. 315). Speaking of the case last cited, the court in the *McDonald Case,* supra, said:

"Plaintiff was seriously injured, and was entitled to recover for pain and suffering, as well as for the loss of time and incapacity to work. In such cases the amount of compensation rests entirely in the sound judgment of the jury, and can only be considered where a motion is made for a new trial and denied. In such cases the court very properly said: 'Whether damages found by a jury are excessive or not does not present a question of law.'"

There was evidence in the case at bar upon which to base the verdict of the jury. The question presented to this court is therefore not a question of law. We find no reversible error in the case.

The judgment is affirmed.

CARPENTER, GRANT, BLAIR, and MONTGOMERY, JJ., concurred.