HOSKING *v.* CLEVELAND IRON MINING CO.

1. MASTER AND SERVANT—MINES AND MINING—NEGLIGENCE.

While a miner working at blasting and timbering up a portion of the mine that is in process of construction, may not recover for injuries caused by a fall of ore, resulting from an unusual delay in supporting the roof, on the theory that his master owed a duty to furnish a safe place (*Petaja* v. *Mining Co.*, 106 Mich. 463 [64 N. W. 335, 66 N. W. 951, 32 L. R. A. 435, 58 Am. St. Rep. 505]), he is entitled to such warning and instruction concerning the augmented risk which arises from such a delay, as his inexperience and want of knowledge may, in the exercise of due care, require of the employer.[1]

2. SAME—TRIAL.

And defendant is not chargeable with actionable negligence for failing promptly to provide an assistant so that plaintiff might proceed at once to support the earth.

[1] As to master's duty to warn or instruct servant, see note to *James* v. *Rapides Lumber Co.* (La.), 44 L. R. A. 33.

3. SAME.

    No negligence is chargeable to defendant for failing to adopt safe methods of work, and see that they were carried out, so as not to subject plaintiff to hazards that were not within his contract of employment.

4. SAME—INSTRUCTING SERVANT—PERSONAL INJURIES.

    Where plaintiff was inexperienced in the kind of work which he was doing, had only worked for defendant about six weeks, and testified that he did not know the danger of a fall of earth would increase by reason of a delay in timbering the raise, such as occurred before his injury, it was error to direct a verdict for defendant, although plaintiff knew that small quantities of ore were likely to fall at any time.

5. SAME—ASSUMED RISK—WARNING—QUESTION OF FACT.

    If plaintiff possessed actual knowledge of the increased risk, or if, in the exercise of ordinary prudence, he should have possessed it, he assumed the risk of his injury.

6. SAME.

    The jury should have been instructed to determine, under the testimony: (1) whether or not the delay in timbering increased the danger; (2) whether or not plaintiff knew, or, in the exercise of ordinary prudence, should have known, of the increased danger; (3) whether or not, considering his experience and knowledge, defendant owed him the duty to warn him of the increased danger, if it existed.

Error to Marquette; Cooper, J. Submitted October 18, 1910. (Docket No. 65.) Decided December 7, 1910.

Case by Samuel Hosking against the Cleveland Iron Mining Company for personal injuries. A judgment for defendant on verdict directed by the court is reviewed by plaintiff on writ of error. Reversed.

*P. H. O'Brien* ( *C. F. Button*, of counsel ), for appellant.

*William P. Belden*, for appellee.

Plaintiff, who had theretofore had no experience in iron mining, went to work for the defendant company on February 27, 1905. He worked as a stemmer or assistant for

three weeks in various parts of the mine, after which he was given employment as a regular miner.    On April 14, 1905, he was injured through the fall of a large quantity of ore from the roof of a raise which was in process of construction.    It appears from the record that a blast had been exploded on the evening of the 13th, in the raise in which plaintiff and his partner were engaged.    In the ordinary course the space caused by this blast should have been timbered the first thing on the morning of the 14th. Upon arrival at the mine, however, plaintiff found that his partner had not come.    Instead of supplying him with a stemmer to assist him in timbering the raise in contract 34 (his own contract), plaintiff was directed by Samuel Metherell, the shift boss, to go into contract 43 and work with one Emil.    At noon he was instructed by the same official to go back to his own contract (34) after dinner, and timber it with Emil's assistance.    Some five or six hours had elapsed between the hour in the morning when, according to the rules of the defendant company, this work should have been done, and the time when it was actually commenced.    When plaintiff and his partner, Emil, arrived at the raise (contract 34), they found the roof squared up ready for the timber.    It appeared safe. They had erected the uprights and caps, and had nearly completed the placing of the lagging or overhead protecting timbers, when a large quantity of ore fell from the roof, striking plaintiff and so severely injuring him that one of his legs was amputated a few weeks later.

Plaintiff alleges that the defendant was negligent in the following particulars:

"(a) The failure to furnish the plaintiff with a reasonably safe place in which to work.

"(b) The failure to warn and notify the plaintiff of the fact that the ground would be liable to fall in case the same was not promptly timbered after a blast, and the failure to warn and notify the plaintiff that it would be more dangerous to timber up the ground at a later period than it would have been to have timbered it right away.

"(c) The failure to furnish the plaintiff with a stemmer,

so that he, the said plaintiff, could carry on his contract and proceed to work at his own contract in the morning, so that said raise could have been timbered right away.

"(*d*) The failure on the part of the defendant to adopt reasonably safe methods of work, and to see that they were carried out, so as to not subject the plaintiff to hazards that were not within his contract of employment."

Upon the trial a verdict was directed in favor of defendant upon the theory that the case was in all respects similar to, and controlled by, *Petaja* v. *Mining Co.*, 106 Mich. 463 (64 N. W. 335, 66 N. W. 951, 32 L. R. A. 435, 58 Am. St. Rep. 505). Plaintiff has brought the case here by writ of error.

BROOKE, J. (*after stating the facts*). As to plaintiff's claims of negligence under the heads "*a*," "*c*," and "*d*," we are of opinion that the case falls directly within the principles of the decision in *Petaja* v. *Mining Co.*, *supra*. This leaves for consideration only the alleged negligence of defendant set out under "*b*."

The record shows that, except between February 27th and April 14th, plaintiff had had no experience as an iron miner. He testified he did not know that, if the roof was allowed to stand several hours longer than usual, there was greater danger of the fall of a large body of ore from the roof, due to continued earth pressure from above. He further testified that he was never warned of this extraordinary danger. There is abundant testimony in the record tending to show that, if the timbering was not done promptly, the danger would be greater by reason of the earth pressure.

The questions involved, therefore, are:

(1) Was the risk or danger greater by reason of the delay in timbering?

(2) Did the plaintiff understand the additional risk, if there was any, or should he have understood and appreciated it, if exercising ordinary prudence?

(3) If there was an added danger by reason of the delay, was there a duty on the part of the defendant to warn plaintiff of it?

Baldwin on Personal Injuries, § 347, lays down the following rule:

"The general rule is that it is the master's duty to instruct the servant as to the character of risks to be run, which he will not discover by the exercise of ordinary care. Where the danger is not undisclosed, and the servant is a mature man doing ordinary work, he assumes such risks as are obivious, and negligence will not be imputed to the master for an accident therefrom."

In *Ribich* v. *Smelting Co.*, 123 Mich. 401 (82 N. W. 279, 48 L. R. A. 649, 81 Am. St. Rep. 215), it was said:

"Where extraordinary risks are or may be encountered, if known to the master, or should be known by him, the servant should be warned of these, their character and extent, so far as possible"—citing *Smith* v. *Car Works*, 60 Mich. 501 ( 27 N. W. 662, 1 Am. St. Rep. 542).

See, also, *Hoffman* v. *Adams*, 106 Mich. 111 (64 N. W. 7); *Barr* v. *Cask Co.*, 129 Mich. 278 ( 88 N. W. 640); *La Barre* v. *Railway Co.*, 133 Mich. 192 (94 N. W. 735); *Geller* v. *Manufacturing Co.*, 136 Mich. 330 (99 N. W. 281); *Brockmiller* v. *Industrial Works*, 148 Mich. 642 ( 112 N. W. 688 ); *Lehto* v. *Mining Co.*, 152 Mich. 412 ( 116 N. W. 405 ).

It is strenuously urged on behalf of the defendant that the examination of the plaintiff himself shows that he was fully aware of the danger of injury from falling ore, and that to have given the warning, which plaintiff complains he did not receive, would have conveyed no information to plaintiff which he did not already possess; *i. e.*, that ore from the roof of the raise was liable to fall at any time. There can be no doubt that plaintiff knew that ore, in small quantities, was liable to drop at any time, and it may be true that he knew, or should have learned from his experience and the character of the ore in which he was working, that a delay of six hours would be likely, or at any rate liable, to cause a large mass to become dislodged. The knowledge of this danger, if he possessed it,

or if, in the exercise of ordinary prudence, he should have possessed it, would prevent plaintiff's recovery, even if it should be determined that defendant owed him the duty of warning.

Under all the circumstances disclosed by this record, we think the jury should have been instructed to determine:

(1) Whether or not the delay in timbering increased the danger.

(2) Whether or not plaintiff knew, or in the exercise of ordinary prudence should have known, of the increased danger.

(3) Taking into consideration plaintiff's experience and the knowledge he had gained of the character of the ore in which he was working, did defendant owe him the duty of warning him of the increased danger, if such existed?

The judgment is reversed, and a new trial ordered.

HOOKER, MOORE, MCALVAY, and BLAIR, JJ., concurred.