### KOGOWSKI *v.* KOGOWSKI.

1. ACCOUNTING—FINDING OF COURT—EVIDENCE.
    In suit for accounting by defendants, relatives of plaintiff, for return of moneys intrusted to them during his illness and while he was having marital difficulties, evidence supported finding of trial court as to amount due plaintiff from defendants.

2. TRIAL—REOPENING CAUSE TO TAKE FURTHER TESTIMONY—DISCRETION OF COURT.
    The reopening of a cause to take further testimony is a matter which lies within the discretion of the trial judge.

3. APPEAL AND ERROR—REOPENING CAUSE—REHEARING—DISCRETION OF COURT.
    Under record presented in suit for accounting in which defendants appealed, claiming conclusion reached by trial judge was

not supported by testimony, and plaintiff cross-appealed, claiming amount of decree for him entered after several adjournments, was insufficient, denial of motion to reopen matter or grant a rehearing to permit introduction of cumulative testimony *held,* not an abuse of discretion.

Appeal from Wayne; Richter (Theodore J.), J. Submitted October 14, 1947. (Docket Nos. 52, 53, Calendar Nos. 43,853, 43,854.) Decided December 3, 1947.

Bill by Vincent Kogowski against Henry Kogowski and wife for an injunction and to determine the ownership of money.

Assumpsit by Henry Kowgoski and wife against Vincent Kogowski for money due on contract.

Cases consolidated. Decree for Vincent Kogowski. Henry Kogowski and wife appeal. Vincent Kogowski cross-appeals. Affirmed.

*Harry J. Lippman,* for Vincent Kogowski.

*Donald B. Crane,* for Henry Kogowski and wife.

BUSHNELL, J. Plaintiff Vincent Kogowski is described in one of the pleadings in the record as a brother of defendant Henry Kogowski. However, in the testimony of defendant Anna Kogowski, wife of Henry, Vincent is described as her husband's first cousin.

Prior to 1945, Vincent operated a small shoe repair shop on Michigan avenue in the city of Detroit. On January 2, 1944, he called Anna early in the morning, because he was ill, and she took him to a hospital. According to her testimony, Vincent claimed to be without funds, and she insists that she "took care of everything and paid for the bills too." For a while after his release from the hospital, he

lived with Henry and Anna, for which they claim he agreed to pay the sum of $40 per month for room and board, and that $520 is due them because of this arrangement. Vincent, however, contends that as a result of his frugality he accumulated certain sums of money, the larger part of which he kept in cash in his shop, together with some $3,200 in savings bonds, all of which he gave to Anna for safe keeping. He also insists that he had $900 in a joint bank account with Henry, and $400 on deposit in postal savings. The record indicates that Vincent at the time was having marital difficulties.

The dispute which ensued between the parties over financial matters, resulted in a bill of complaint being filed by Vincent, in which he sought an accounting from Henry and Anna, and the return of moneys intrusted to them. This bill was filed four days after the commencement of a law action by Henry and Anna against Vincent for the moneys they claimed were due for room and board, and certain funds that Vincent is said to have withdrawn from a joint bank account without authority. In the bill of particulars in the law action, Henry and Anna claimed that $1,475 was due them from Vincent.

When these two matters came on to be heard in the circuit court, they were consolidated and tried together. Further recital of the conflicting testimony of the parties and their respective witnesses will profit no one. The trial judge concluded there was due Vincent from Henry and Anna the sum of $1,896.62, which should be paid forthwith. A decree was entered to this effect, in which it was ordered that a lien be entered upon certain property of the defendants until the decree was satisfied.

The conflicting testimony has been reviewed and, notwithstanding Vincent's contention on cross

appeal that the amount determined by the trial judge was insufficient, the testimony supports the conclusion reached.

Henry and Anna, as defendants in the chancery cause, and as plaintiffs' in the law action, filed an appeal. They contend that the conclusion reached by the trial judge is not supported by the testimony in that Vincent had been fully reimbursed for any funds in their hands; that his testimony is not worthy of belief, and that the court abused its discretion in not ordering a rehearing. They also argue that the court erred in not receiving the testimony of one Paul Krol, a newly-discovered witness. This refers to an instance which occurred on April 28, 1947, to which date the hearing had been adjourned. The court began to take testimony on February 3, 1947, and a motion for rehearing was filed on February 14th. The court announced at the conclusion of the testimony at the first hearing that a balance was due Vincent of $1,724.20, and it was understood that a decree to this effect would be prepared; nevertheless, further testimony was taken on March 31st and the cause was then adjourned to April 28th.

On that date the following transpired:

"*Mr. Crane:* I want the record to show that we wish to offer the testimony of Mr. Paul Krol, K-r-o-l,- is that the correct way to spell it, Mr. Krol?

"*A voice:* That is it.

"*Mr. Crane:* Who will testify that he has known both parties for several years, and that on two different occasions Vincent Kogowski told him that Anna and Henry Kogowski were paid up in full, and there wasn't anything open between them as far as money matters were concerned, that is, as far as Henry and Anna owing him any money.

"*The Court:* You may have the record show it.

"*Mr. Crane:* I think that is very material.

"*The Court:* And the court will not consider it any further. I only wanted it for the bank account; that is all I was interested in. I will leave the decree stand as it is.

"That is all.

"*Mr. Crane:* I would like to have the privilege of arguing.

"*The Court:* Yes, you may have that.

"*Mr. Crane:* But you refuse any further testimony?

"*The Court:* Yes.

"(Thereupon followed argument of counsel not taken down by reporter).

"*The Court:* The motion for rehearing will be marked heard and submitted."

The motion for rehearing, to which the court referred, was the one filed on February 14th. The order denying rehearing and the final decree were entered on June 27, 1947.

The more or less cumulative testimony of Krol was covered by the statement of Mr. Crane, quoted above.

In support of their motion for rehearing, Anna stated that the true facts regarding the bank account could not be developed without a rehearing, because the bank had erred in its search of its accounts. The record shows that an assistant auditor of the bank first testified that it did not have a record of any account in the name of Anna Kogowski alone. However, an authenticated copy of Anna's account, No. 3091, was later introduced in evidence. In the colloquy that followed its introduction, an adjournment was requested to April 28th, for the purpose of permitting Vincent Kogowski to be present when certain witnesses were produced. At the hearing on the 28th, Henry and Anna offered Krol as a witness.

The reopening of a cause to take further testimony is a matter which lies within the discretion of the trial judge. *Brockmiller* v. *Industrial Works,* 148 Mich. 642, and *Westgate* v. *Westgate,* 291 Mich. 18. See *Minkley* v. *Township of Springwells,* 113 Mich. 347.

The trial judge did not abuse his discretion when he declined to reopen the matter or when he denied a rehearing.

We refrain from any further comment upon the many inconsistencies and inaccuracies in the testimony. The trial judge was confronted largely with the problem of determining whose testimony should be believed, and the result reached was as accurate as could be expected under the circumstances.

The decree is affirmed, with costs to Vincent Kogowski.

CARR, C. J., and BUTZEL, SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.