## PAGE *v.* BATTLE CREEK PURE FOOD CO.

1. MASTER AND SERVANT — INJURIES TO SERVANT — FELLOW-SERVANTS.

> The true test of a master's liability for injuries to a servant caused by the negligent act of another servant is the character of the negligent act, rather than the rank or grade of the employé performing that act; and if the act is one the performance of which the master cannot delegate, he is liable, but if it is one the performance of which may be delegated, he is not liable, if he has used due care to employ competent servants and to furnish a safe place and suitable appliances.[1]

2. SAME—ACTS OF FELLOW-SERVANT.

> The act of an employé, who had charge of a department, and sometimes bought material and hired and discharged men, in turning on a blower, which stirred up the dust and ashes in an oven while a servant was working in the oven, *held*, to be

| | |
|---|---|
| 142 | 17 |
| 146 ³ | 90 |
| 142 | 17 |
| f150 ¹443 |
| 142 | 17 |
| f151 ¹214 |
| f151 ²560 |

---

[1] For vice principalship determined with reference to the character of the act of a servant causing injury to another servant, see note to *Lafayette Bridge Co.* v. *Olsen* (C. C. A. 7th C.), 54 L. R. A. 33.

the act of a fellow-servant, for the consequences of which, to the servant in the oven, the master was not liable, notwithstanding the superior position of the servant who turned on the blower.

3. SAME—ASSUMPTION OF RISK.

A servant who was working in an oven, cleaning the same, and who, knowing that a blower was to be turned on in the oven, continued at his work, was chargeable with knowledge that the current of air raised by the blower would violently disturb the dust and ashes in the oven, and assumed the risk of getting dust and ashes in his face and eyes.

Error to Calhoun; Hopkins, J.   Submitted October 11, 1905.   (Docket No. 36.)   Decided November 21, 1905.

Case by Harvey H. Page against the Battle Creek Pure Food Company, Limited, for personal injuries.   There was judgment for defendant on a verdict directed by the court, and plaintiff brings error.   Affirmed.

Plaintiff, an employé of the defendant, a man 67 years old and a mason by trade, was instructed to repair one of defendant's ovens.   Plaintiff's evidence showed that one Bordeau directed plaintiff's son, a foreman of mason work, to do some work in this oven; that this foreman sent plaintiff on Sunday morning to do it; that plaintiff reported to one Brower, who had charge of the oven, and that Brower showed him what to do.   To accomplish this it was necessary to enter the oven from the door and work inside.   The fire had gone out in the night.   Plaintiff was accustomed to do this work, and was familiar with the construction of the oven.   After working about 25 minutes, he thought the oven was too hot, and asked Brower to turn on the hose.   This was for the purpose of cooling the oven with water.   He was informed by Brower that the pumps were not working.   Plaintiff then testified that he heard a voice, which he recognized as that of one Bordeau, saying, "I will turn on the blower."   Plaintiff testified that he understood this to be for the purpose of cooling the oven.   He continued his work, and in a few

minutes a blast of air came through the blower, driving dust and ashes into his eyes. As soon as he could, he hallooed to them to shut off the blower, which they did. He emerged from the oven, washed his face and eyes clear of the dust, returned to the oven, and continued his work. Claiming that his eyes were injured, he sued the defendant for negligence in turning on the blower while he was at work in the oven. At the conclusion of the plaintiff's evidence, the court directed a verdict for the defendant, upon the ground that Bordeau and plaintiff were fellow-servants. This ruling presents the sole question in the case.

*Hatch & Anderson*, for appellant.

*R. J. Kelley*, for appellee.

GRANT, J. (*after stating the facts*). There were several departments in the defendant's factory, over which one Phelps was the general superintendent. Each department had a foreman or manager—a man where there were men, and a woman where there were women or girls. Some of the principal foremen had subforemen under them. From the testimony introduced on the part of the plaintiff, it appears that Bordeau "had charge of the mason department on construction and repairs," and that plaintiff's son was a subforeman under him. There was also evidence tending to show that Bordeau sometimes hired and discharged men, and sometimes bought material for use in his department. His position and authority were no greater than were those of the mill foreman in *Lepan* v. *Hall*, 128 Mich. 523, or of the foreman in *Mikolojczak* v. *Chemical Co.*, 129 Mich. 80. See, also, *Wellihan* v. *Wheel Co.*, 128 Mich. 1. The true test in these cases is the character of the act, rather than the rank or grade of the employé. 4 Thompson on Negligence, § 4923. The vice principal, manager, or superintendent may become a fellow-servant, and a fellow-servant may become a vice principal. Id. § 4918. The true principle governing the

cases is that, if the master cannot delegate the authority to perform the act, he is liable regardless of the rank of his employé. If, however, he may delegate the power to perform the act, he has performed his full duty to his employé when he has used due care to employ competent assistants, regardless of their rank, and to furnish a safe place and suitable appliances. Superiority of position is not the test. Id. § 4919. The act in turning on the blower was one of fellow service. It was not an act essential in carrying on the plaintiff's business. The blowers were not used for the purpose of cooling the oven when employés were engaged in making repairs. They had never been so used. The employer had no reason to expect that they would be. Plaintiff himself testified that the only means before employed for cooling the ovens was to leave them open, if there was time for them to cool in this way, and, if not, then to use water from a hose. The master in this case is no more liable than it would have been if a stranger had turned on the blower. In such cases the person, whether employé or stranger, who does the negligent act, is alone responsible for its consequences. In turning on the blower, Bordeau was not acting for the master, or by virtue of any power delegated to him. If it was a negligent act, Bordeau alone is responsible for it. The case is ruled by *Lepan* v. *Hall*, and *Mikolojczak* v. *Chemical Co.*, supra, and authorities there cited. See, also, 4 Thompson on Negligence, § 4921.

There is another feature of this case which, though not argued by counsel, would, if raised, have clearly prevented recovery. Plaintiff testified that he remained at the work for some minutes after he knew that the blower was to be turned on, and that he knew the purpose of turning it on. Though he testified that he did not know where the blower entered the oven, he is chargeable with knowledge of the physical law that the effect of turning a strong current of air into the oven would result in violently disturbing the dust and ashes. He had time to withdraw after he heard the statement of Bordeau, or to call to him not to turn

the blower on. Instead, he chose to remain at his work. Under these circumstances, it is manifest that he assumed the risk.

Judgment affirmed.

Moore, C. J., and McAlvay, Blair, and Ostrander, JJ., concurred.