AMOE *v.* GREAT LAKES ENGINEERING WORKS.

MASTER AND SERVANT— PERSONAL INJURIES — FELLOW-SERVANTS.
    The duty of diligently carrying certain iron plates from defendant's shop to the deck of a steamship in process of construction in defendant's yard, and there safely piling them until needed for use in the work, *held*, a delegable duty, for the negligent performance of which, resulting in injury to a servant, defendant is not liable, though the work was performed under the direction of defendant's foreman.

Error to Wayne; Mandell, J. Submitted January 23, 1908. (Docket No. 136.) Decided February 15, 1908.

Case by Louis B. Amoe against the Great Lakes Engineering Works for personal injuries. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Affirmed.

*Abbott & Abbott* and *Lehman & Riggs*, for appellant.
*Russel, Campbell, Bulkley & Ledyard*, for appellee.

CARPENTER, J. Plaintiff brought this suit to recover compensation for personal injuries. The trial court directed a verdict for defendant. Plaintiff asks a rever-

sal of the judgment entered on said verdict. We state the material facts shown by the testimony.

The business of defendant is the construction of large steamboats. Plaintiff is an ironworker. He was injured while in defendant's employment. When injured he was drilling rivet holes in the hull of a boat under construction. His injury was caused by the fall of a large iron plate called "wash plate." It fell from above and struck his foot. This plate was one of several which had been deposited on the deck above plaintiff. These wash plates are necessary parts of the floor frame of the boat. On the morning of plaintiff's injury these plates had been carried from the shop and piled on the deck for the purpose of being used as soon as the workmen needed them. There is also testimony respecting the manner in which these plates were piled and the cause of their falling. We need not detail that testimony. It is sufficient to say that the utmost that can be claimed for it is this : It warranted the inference that the plates fell because they were improperly piled, and that defendant's foreman in charge of the work on the boat might by the exercise of due diligence have corrected this and prevented plaintiff's injury. Upon this negligence of said foreman plaintiff bases his claim of a right to recover damages. Can plaintiff, an employé, hold defendant, his employer, responsible for such negligence ?

These wash plates were a part of the material to be used in the construction of the boat. They were insecurely piled on the boat when they were in transit from the shop to the place where they were to be used. The duty of diligently carrying them and depositing them on the boat was surely not a non-delegable duty of defendant. It was a duty which defendant might and did delegate to the co-employés of plaintiff, and those co-employés were his fellow-servants, for whose negligence defendant was not responsible.

The only ground, then, upon which plaintiff can recover —and that is the ground upon which he claims to recover

—is this, viz., that the foreman in charge of the work was a vice-principal, and that for his negligence, even though that negligence be in performing a delegable duty, defendant is responsible. · This claim cannot be allowed. It has been repeatedly denied by our own decisions.   See *Guest* v. *Illuminating Co.*, 150 Mich. 438; *Page* v. *Food Co.*, 142 Mich. 17; *Wellihan* v. *Wheel Co.*, 128 Mich. 1; *Andre* v. *Elevator Co.*, 117 Mich. 560; *Morch* v. *Railway Co.*, 113 Mich. 154; *Gavigan* v. *Railway Co.*, 110 Mich. 71; *Findlay* v. *Foundry Co.*, 108 Mich. 286.

The judgment is affirmed.

GRANT, C. J., and MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.