COREY v. JOLIET BRIDGE & IRON CO.

MASTER AND SERVANT — INJURIES TO SERVANT — FELLOW-SERVANTS.

A man experienced in the erection of iron bridges, who goes from place to place at the direction of the agent of the manufacturer of bridges, and erects bridges with the assistance of laborers employed in the vicinity, who are paid with money furnished by the agent, is the fellow-servant of such laborers, and the manufacturer is not liable for injuries occurring to one of them as a result of the negligence of the man in charge.

Error to Ionia; Davis, J. Submitted January 21, 1908. (Docket No. 101.) Decided March 17, 1908.

Case by Arthur L. Corey, administrator of the estate of Hiram Bradish, deceased, against the Joliet Bridge & Iron Company for the negligent killing of plaintiff's in-

testate.   There was judgment for defendant on a verdict directed by the court, and plaintiff brings error.   Affirmed.

*Morse & Locke* (*Scully & Davis* and *D. C. Sheldon,* of counsel), for appellant.

*James H. Davitt* (*R. A. & W. E. Hawley,* of counsel), for appellee.

HOOKER, J.   The defendant is a nonresident corporation, engaged in the construction and erection of iron bridges.   R. A. Raymond, of Saginaw, is its agent for the State, and he made a contract with North Plains township, in Ionia county, for the construction and erection of a bridge.   He employed Manning to erect the bridge for the defendant.   Manning was an experienced man, in the habit of doing such work for defendant.   It was usual to furnish him with the plans and specifications for the work, and he would proceed to erect the bridge, which was shipped in a knockdown condition.   Raymond would either send him alone, or with a man to help him. If alone, he would hire the necessary help, sending to Raymond for the money to pay for it, and the account would be settled between them later.   In this instance deceased was employed by Manning.   Manning would take the necessary tools and appliances to erect the bridge.   The abutments for this bridge were built by the township and were in readiness for the bridge.

The plaintiff's intestate was employed as a helper.   He was an experienced man, in general work, with and about machinery.   He died from injuries received from the fall of a derrick at a time when it was being moved, all guy ropes but one having been loosened for the purpose. Manning was directing the work.   The learned circuit judge directed a verdict for the defendant upon the ground that the testimony conclusively showed:

1. That suitable appliances were furnished.
2. That the accident was caused through the lack of

care on the part of the man or men in charge of the guy ropes, which had been loosened necessarily.

3. That these men were fellow-servants, as also was Manning.

4. That the risk was obvious, and plaintiff's intestate assumed it.

The plaintiff has appealed.

Counsel for plaintiff assert in their brief that the only question in the case is: "Whether Manning was a fellow-servant of deceased." The undisputed testimony shows that Manning was an employé sent from place to place to erect bridges. He was under control of Raymond, the agent for the State, through whom Manning was directed and controlled. He was present directing, aiding, and assisting in the assembling and erection of the bridge. His help consisted in this instance of one or more men employed by him in the locality, by direction of Raymond. His relation to employer and men was much like that of a section foreman, or of men sent out to erect windmills, tanks, and numerous other things, which needs the presence of men of some experience in conjunction with common labor, and the case is governed by the rule laid down in the following cases: *Beesley* v. *F. W. Wheeler & Co.*, 103 Mich. 196 (27 L. R. A. 266); *Schroeder* v. *Railroad Co.*, 103 Mich. 213 (29 L. R. A. 321); *Andre* v. *Elevator Co.*, 117 Mich. 560; *Wellihan* v. *Wheel Co.*, 128 Mich. 1; *Lepan* v. *Hall*, 128 Mich. 523; *Mikolojczak* v. *Chemical Co.*, 129 Mich. 80; *Gavigan* v. *Railroad Co.*, 110 Mich. 71; *Morch* v. *Railway Co.*, 113 Mich. 154; *Randa* v. *Screw Works*, 134 Mich. 344; *Page* v. *Food Co.*, 142 Mich. 17; *Livingstone* v. *Glass Co.*, 146 Mich. 236; *Guest* v. *Illuminating Co.*, 150 Mich. 438; *Amoe* v. *Engineering Works*, ante, 212.

We are of the opinion that Manning was a fellow-servant of deceased.

The judgment is affirmed.

GRANT, C. J., and MONTGOMERY, OSTRANDER, and CARPENTER, JJ., concurred.