FERRY *v.* AMERICAN SUCTION GAS PRODUCER CO.

1. MASTER AND SERVANT — PERSONAL INJURIES — NEGLIGENCE OF MASTER—FAILURE TO WARN.

Whether a non-delegable duty rested upon the master to provide a method of warning its servants of the approach of an electric crane will not be decided in a case in which it appears that, notwithstanding the absence of formally promulgated rules, the servant in charge of the crane understood that he was to "use all care possible" and to keep watch and call out and warn anyone who might be in the way, and that the accident to plaintiff happened because the operator of the crane was talking with another employé and plaintiff's location in the path of the crane "slipped his mind."[1]

2. SAME—FELLOW-SERVANT — INCOMPETENCY — EVIDENCE —SUFFICIENCY.

In an action by a servant for injuries resulting from being run down by an electric traveling crane, in charge of an alleged incompetent servant, evidence examined, and *held*, insufficient to raise the inference of the operator's incompetence, especially in view of the fact that the disaster resulted, not from the operator's unskillfulness, but from a lapse of memory not inconsistent with skill and competency.

3. SAME — FELLOW-SERVANTS — VICE-PRINCIPALS — NEGLIGENCE — DELEGABLE DUTIES—LIABILITY OF MASTER.

A master is not liable for injuries to a servant resulting from the negligence of his foreman or superintendent in performing a delegable duty.

Error to Ingham; Wisner, J., presiding. Submitted May 5, 1908. (Docket No. 71.) Decided June 27, 1908.

Case by Eddie M. Ferry against the American Suction Gas Producer Company for personal injuries. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Affirmed.

[1]As to duty to warn or instruct servant, see note to *James* v. *Rapides Lumber Co.* (La.), 44 L. R. A. 33.

*Black, Reasoner & Hayden,* for appellant.

*Clarence D. Clark (Arthur J. Tuttle,* of counsel), for appellee.

Defendant is engaged in the manufacturing business in the city of Lansing. In its shop, which was about 100 feet long and 45 feet wide, was an electric traveling crane used for the purpose of lifting and moving heavy articles from one part of the shop to another. It moved on girders about 12 or 15 feet above the floor. Its mechanism seems to have been comparatively simple. Its movement backward and forward was controlled by a lever which was situated in a cage suspended from one end of the crane. In this same cage were also two other levers and a band brake. One of these levers controlled the movements of a car which constituted part of the crane and moved back and forth across it. The other lever controlled a drum upon a car, which, by means of a chain attached thereto, raised and lowered objects moved by the crane.

Plaintiff was a mechanic in the employ of defendant. A Mr. Hillprecht was superintendent of defendant's manufactory in which were employed about 13 men. He directed plaintiff to do some mechanical work in proximity to the track upon which the crane moved. To do this work, plaintiff placed himself, and had to place himself, immediately in the path of the crane. While he was thus at work, one Court Wollpert, another employé of defendant, moved the crane against plaintiff and injured him. This suit was brought to recover damages. It was tried in the circuit court before a jury and a verdict directed in defendant's favor. Plaintiff asks us to set aside the judgment entered against him. He contends that the evidence warranted the jury finding a verdict in his favor upon two grounds, viz. :

(1) Negligence in failing to warn plaintiff of the approach of the electric crane.

(2) That Wollpert was incompetent to operate the crane.

CARPENTER, J. (*after stating the facts*).   1. Duty of warning.   It is not contended by plaintiff that the duty resting on defendant of giving warning to plaintiff was a non-delegable duty for the performance of which defendant was responsible.   It is contended, however, that a duty rested upon defendant to provide a method of warning, that this duty was a non-delegable duty and that it was not performed in this case.   Whether such a duty rested upon defendant or not we do not feel called upon to determine, for we think the evidence proves that if there was such a duty, it was fully performed.   It is true that the testimony shows that no rules on this subject were posted or formally promulgated.   But it is also true that the testimony proves that it was understood generally, and particularly by Wollpert, the offending employé, that he "was to use all care possible; to keep his eyes peeled for anybody that might be in the way, and if they were in the way to call out and warn them."   It appears, too, that he knew that plaintiff was working in the path of the crane, and that the accident happened, because, as he states: "I was talking with Mr. Avis and it [the plaintiff's location in the path of the crane] slipped my mind."   No rule that could have been devised by defendant would have been better than the rule which Wollpert understood governed his action, and we, therefore, say that if the defendant was under any obligation to establish rules to warn plaintiff of the movements of the crane, there is no evidence that it failed to perform that duty.

2. Wollpert's competency.   Was there any evidence from which the jury could have found a verdict for plaintiff upon the ground that Wollpert was incompetent? Wollpert went to work for defendant along the last of February or the first of March.   Prior to that time, he had had no experience with an electric traveling crane. Soon after his employment by defendant, he commenced to operate the crane, and from that time until plaintiff's injury—this occurred May 11th—he operated it many times—he estimates two dozen times.   It appears, too, that

he was an intelligent man who had worked about machinery for two years before he became defendant's employé. It does not appear from the testimony that it required a long experience to learn to operate this crane. Indeed, I think it may be said that it is conclusively proved that Wollpert not only understood how to operate it but did operate it skillfully on this occasion. For at the first outcry from plaintiff he did precisely what was required to be done to avoid further injury. And the disaster resulted, not from his unskillfulness, but from a lapse of memory not inconsistent with skill and competency. The determining question is whether incompetency should be inferred from Wollpert's short experience. The record contains considerable opinion testimony bearing upon this question. We refrain from quoting it. But it may fairly be stated that from this testimony it cannot be inferred that a longer experience than Wollpert's was necessary to enable an intelligent mechanic to safely operate this crane. As bearing upon the requisite experience to insure competency, it is of some significance that plaintiff himself, who does not seem to have had any prior experience in running electric cranes, after his injury returned to defendant's employment and took "charge of this electric crane and was in a way able to run it with one hand." We do not think that this record contains any testimony from which the jury could infer that Wollpert was incompetent.

Another argument advanced by plaintiff compels us to consider the question: Was defendant responsible for the negligence of Hillprecht in performing a delegable duty? This question is answered in the negative by many decisions of this court. See *Guest* v. *Illuminating Co.,* 150 Mich. 438; *Amoe* v. *Engineering Works,* 151 Mich. 212, and authorities cited in these two opinions.

We conclude that the trial court properly directed a verdict in defendant's favor.

Judgment is affirmed.

OSTRANDER, HOOKER, MOORE, and MCALVAY, JJ., concurred.