PETERS *v.* MICHIGAN CENTRAL RAILROAD CO.

MASTER AND SERVANT—FELLOW-SERVANT—FOREMAN.

> A foreman in charge of several employés, engaged in removing wrecked cars from the track by means of a derrick, having authority to hire and discharge the men, and to direct their work, was not defendant's vice principal for whose negligence it would be liable in ordering plaintiff to take hold of the greasy and slippery spokes of a wheel connected with the drum of the derrick, plaintiff's injuries resulting from his hand slipping from the wheel into revolving cogs of the apparatus.[1]

Error to Bay; Collins, J. Submitted January 16, 1911. (Docket No. 91.) Decided March 31, 1911.

Case by Porter F. Peters against the Michigan Central Railroad Company for personal injuries. Judgment for plaintiff. Defendant brings error. Reversed.

*Cooley & Hewitt* (*Humphrey, Grant & Baker*, of counsel), for appellant.

*De Vere Hall*, for appellee.

OSTRANDER, C. J. The plaintiff, being then 21 years old and employed by the defendant, was injured July 24, 1906. He was one of a number of men employed as laborer in constructing a branch line of road. The foreman of these men, acting by direction of his superior, took them, or some of them, including the plaintiff, to a place where certain cars of defendant had been derailed and wrecked on the main line of defendant's road, to act as a wrecking crew. A flat car, which carried a derrick operated by hand, was a part of the wrecking outfit. Sent

---

[1] As to vice principalship considered with reference to the rank of the superior servant, see note in 51 L. R. A. 513.

For vice principalship as determined with reference to character of act causing injury, see note in 54 L. R. A. 37.

upon this car to assist in operating the derrick, plaintiff claims he received an order from the foreman to take hold of the spokes of the larger of the two wheels—the wheels having intermeshing cogs on the outer side of their circumferences—in obeying which order, the spokes being greasy, plaintiff's right hand slipped and was caught in the cogs. The foreman had authority to hire men and to discharge them. The trial court was of opinion, and ruled, that the foreman was a vice principal of defendant, and the issue submitted to the jury and the rules given for their instruction and guidance appear, sufficiently for the purposes of this opinion, in that portion of the charge which is here set out:

"The specific claim of plaintiff is, that a few days before his injury he was employed by defendant, through one Edward Bovine, its foreman, as a member of an extra crew of men to be engaged in extending and constructing a line of track from said Lewiston branch, northerly, and that while so employed, and that on July 24, 1906, the day of his injury, he and others of such crew were withdrawn by said Bovine from such work and taken to the main line of said Lewiston branch, and directed by him to assist in removing such wreck; that such derrick or crane was an appliance with which plaintiff was unfamiliar, designed for lifting heavy loads through the use of a hand crank attached to a cogwheel operating a larger of such wheels; that plaintiff was set to work by said Bovine to assist in operating such wheels through the use of said crank; that just about dark of said day he was directed and ordered by said Bovine to remove such crank and take hold of the spokes of said larger wheel and operate the same through the same by the use of his hands applied to said spoke; and that unknown to plaintiff said spoke was covered with a black-colored grease or oil, disguised by color and a covering of dirt; and that as he took hold of such spoke to operate such larger wheel, while in the exercise of due care, his right hand suddenly and unexpectedly slipped from such wheel and passed between the cogs of said two wheels, injuring him as hereinafter stated.     *    *    *

"I charge you as a matter of law that if said Bovine did direct and order plaintiff to take hold of the spokes of

such larger wheel, and operate the same through the use of his hands applied thereto, and that such manner of operation was one not designed to be adopted and carried on, and that plaintiff was ignorant of the manner of use of such derrick or crane, and that said Bovine knew or should have known of the presence of such grease or oil upon said spokes, if the same was there, hidden by dirt, and relying upon such direction and order and not knowing that said spokes were covered with such grease or oil, and the same were so covered, hidden by dirt, so that he did not and should not have noticed such fact, and that he was ignorant of the danger of taking hold of the same and attempting to operate such wheel, if there was danger connected therewith, and that such direction and order was a negligent act on the part of said Bovine, and while operating the same in the exercise of due care on the part of plaintiff, his hand suddenly and unexpectedly did slip therefrom because of the presence of such grease or oil, and without fault did pass between the cogs of such two wheels, injuring him as claimed, then he is entitled to recover such damages as he is shown to have sustained by such injury.

"You may as well understand, gentlemen, at this time as well as at another time, that if Mr. Bovine did not direct plaintiff to take hold of the spokes, as claimed by plaintiff, then the plaintiff cannot recover, and a conclusion on your part to that effect would end the case. I charge you, as a matter of law, that if said Bovine did direct and order plaintiff to take hold of the spokes of such larger wheel and operate the same through the use of his hands applied thereto, and that such manner of operation was one not designed to be adopted and carried on, and that the plaintiff was ignorant of the manner of use of such derrick or crane, and that said Bovine knew or should have known of the presence of such grease or oil upon said spokes, if the same was there hidden by dirt, and relying upon such direction and order, and not knowing that said spokes were so covered by such grease or oil, and the same were so covered, hidden by such dirt, so that plaintiff did not and should not have noticed such fact, and that he was ignorant of the danger of taking hold of the same and attempting to operate such wheel, and if there was danger connected therewith, and that said Bovine failed to advise and warn plaintiff of the presence of such grease and oil and of the danger con-

nected therewith, if there was such danger, and that such direction and order of said Bovine and such failure on his part to so advise and warn plaintiff were negligent acts on the part of said Bovine, and, while operating such wheel in the exercise of due care on the part of plaintiff, his hand suddenly and unexpectedly did slip therefrom because of the presence of such grease or oil, and without fault did pass between the cogs of such two wheels injuring him, as claimed, then plaintiff is entitled to recover such damages as he is shown to have sustained by such injury. If said Bovine did give plaintiff direction and order to take hold of such wheel, then I charge you that the plaintiff would have the right to presume that there was no hidden or unknown danger connected therewith that the plaintiff either did not know or in the exercise of reasonable observation upon his part should not have known at the time that he took hold of the same.

"Plaintiff would not assume any risk arising from taking hold of said wheel that was not known to him or that in the exercise of reasonable observation upon his part he should not have known at the time. That I think may be broadened. If the plaintiff, by the exercise of the ordinary care of a reasonable and prudent person, could, at the time and place in question, have discovered, after he says the order was given to him, and before he took hold of the spoke, that it was covered with grease or oil as claimed by him, and notwithstanding this he took hold of said spoke, he was guilty of contributory negligence, and he cannot recover."

In this court, the single question debated by counsel is whether Bovine, the foreman, was, or was not, a fellow-servant of the plaintiff.

It is proper to state that no testimony was introduced tending to prove either the incompetency of the foreman, that the derrick was not a suitable apparatus and in good order, that the foreman knew the spokes of the larger wheel were greasy or slippery, that the derrick was other than a simple machine, all of its parts being visible, or that any particular or peculiar hazard attended its operation by the men at the cranks. On the contrary, the only reasonable inferences to be drawn from all of the testimony are that the foreman was competent, the derrick in

proper order and a suitable apparatus for the work to be done, the oil, or grease, if there was any, on the spokes of the larger wheel, came from the usual process of oiling the bearings, the duty assigned to plaintiff was the simple one of assisting a man to turn a crank which revolved a wheel, which, in turn, by the intermeshing of cogs, revolved a wheel, which revolved a drum upon which the rope or cable which passed up and along the arm of the derrick was wound. Four men, two at each crank, and on opposite sides of the derrick, handled the cranks. Whether the foreman directed plaintiff and the others helping him to take off the cranks and take hold of the spokes is disputed, and it seems to be undisputed that it was impracticable to apply energy to the spokes of the wheel for the purpose of either raising or lowering weight. Assuming the order to have been given and obeyed, it does not appear that obedience was attended with any hazard not perfectly obvious, unless it arose from a greasy or slippery condition of the spokes of the wheel.

The learned trial judge was of opinion that a distinction existed between the case presented and that of the section foreman in charge of a crew, engaged with them in a common employment, because the duties of Bovine, the foreman, in the particular instance, could not be defined or stated in advance; the method of accomplishing the desired result being left, to some extent, to his initiative and control, with respect to which he had no superior or master.

"It appears to me," he said, "that in the character of the work done, and the character of the management of the work, Mr. Bovine occupied a distinguished position, which it appears to me makes him a vice principal for the defendant for that business."

We do not concur in this opinion. To use language employed by Mr. Justice MONTGOMERY in *Schroeder* v. *Railroad Co.*, 103 Mich. 213, 223 (61 N. W. 663, 666, 29 L. R. A. 321, 50 Am. St. Rep. 354):

"There was no defect in machinery. There was no negligence in the employment of servants. The injury did not result from the failure to properly instruct an inexperienced servant, nor did the injury result from a want of general rules for the management and conduct of the business."

Nor did the foreman have complete control of the business of the master or of a disconnected branch thereof. In a sense, every section boss having orders to go to a particular point and repair track or roadbed, to clean up the right of way and to remove obstructions therefrom, is given charge of the particular work, and performance is necessarily left, to some extent, to his judgment and discretion. But he does not therefore become the *alter ego* of the common employer. *Corey* v. *Iron Co.*, 151 Mich. 558 (115 N. W. 737), and cases cited in the opinion.

The judgment is reversed, and a new trial will be granted.

Bird, Hooker, Moore, and McAlvay, JJ., concurred.