PATRICK WALSH *vs.* ST. PAUL & DULUTH RAILROAD COMPANY.

December 27, 1880.

**Duty of Servant to observe Dangers in his Employment.**—In performing the duties of his place, a servant is bound to take notice of the ordinary operation of familiar laws of gravitation, and to govern himself accordingly. If he fails to do so, the risk is his own. If the instrumentalities furnished by the master for the performance of the servant's duties are defective, and the servant is aware of this, though not aware of the degree of defectiveness, he is bound to use his eyes to see that which is open and apparent to any person using his eyes, and, if he fails to do so, he cannot charge the consequences upon his master.

Appeal by plaintiff from an order of the district court for Ramsey county, *Wilkin,* J., presiding, refusing a new trial. The case is stated in the opinion.

*S. L. Pierce,* for appellant.

The negligence of Brown (who had charge of the warehouse) was the negligence of defendant, since Brown was defendant's representative in that department of its business. As the risk in this case was of a special nature, not patent in the work, and of which plaintiff was not cognizant, it was Brown's duty specially to notify him of the risk. *Lake Shore & Michigan Southern R. Co.* v. *Fitzpatrick,* 31 Ohio St. 479; *Walsh* v. *Peet Valve Co.,* 110 Mass. 23; *Hough* v. *Railway Co.,* 100 U. S. 213. Whether the plaintiff did or did not understand and appreciate the danger of removing the millstone, with the number of servants furnished and his inexperience, was a question peculiarly for the jury. *Lake Shore & M. S. R. Co.* v. *Fitzpatrick,* 31 Ohio St. 479; *Detroit & Milwaukee R. Co.* v. *Van Steinburg,* 17 Mich. 99; *Mayo* v. *Boston, etc., R. Co.,* 104 Mass. 137; *Stoddard* v. *St. Louis, etc., Ry. Co.,* 65 Mo. 514; *Greenleaf* v. *Railroad Co.,* 29 Iowa, 14. Plaintiff acted under orders of the defendant or its representative given upon the spot, which he had a right to suppose would not have been given if it was considered unsafe for him to follow them. *Walsh* v. *Peet Valve Co.,* 110

Mass. 23; *Chicago & Northwestern Ry. Co.* v. *Bayfield,* 37 Mich. 205; 2 Thompson on Negligence, 974.

*James Smith, Jr.,* for respondent.

BERRY, J. The plaintiff was employed by defendant to work in and about its warehouse or freight depot. He testifies in one place that he was employed "to handle freight—load and unload—whatever there was to be done around;" and again, that he "had to handle boxes and sacks and everything else;" and again, in answer to the question "You were employed to do whatever freightage was done either in loading or unloading cars?" he replied, "Yes, sir, anything, anything. I handled all kinds of freight, and that was what I was employed for." It appeared from his testimony that he commenced working in the warehouse about six years before the action hereinafter mentioned; that for four years before the accident he had not been away from it "any length of time," and that at the time of the accident he was 25 or 26 years of age. While engaged with other employes of defendant in moving a millstone from the scales in the warehouse to a car standing by the outside platform of the warehouse, he received the injury for which he seeks to recover damages in this action. The stone weighed from 1,500 to 2,000 pounds, and, being a top stone, it had a "bulge" on one side, the other being flat. The floor of the warehouse and of the platform at the place where the stone was rolled on its way to the car was uneven.

·The plaintiff claims that the moving of a stone of this kind and weight, with safety to the persons moving it, requires in such persons, or at least in some person under whose immediate and personal direction it is done, experience in doing that particular kind of work; that on account of the great weight, the round form, and the bulge upon one side, dangers attend the moving of such stones, which none but such an expert can be expected to be acquainted with. He also claims that they cannot be moved over an uneven surface without great danger to the persons moving them, and,

further, that to move them with safety to such persons more men are required than were actually engaged in moving the stone in question. The plaintiff claims that defendant was guilty of negligence in failing to furnish men or a foreman of experience, in failing to furnish a sufficient number of men, and in furnishing an uneven floor; and that, in consequence of such negligence, the stone, while being moved, fell upon him and occasioned the injury complained of. The plaintiff introduced evidence tending to show all the omissions charged as negligence on the part of the defendant; but, at the close of the testimony upon his part, the court, upon defendant's motion, dismissed the action, upon the ground that the evidence did not tend to establish a cause of action.

In our opinion this was entirely proper. As to the unevenness of the floor, it appeared affirmatively that plaintiff was aware that it was uneven, and, though he were not (as he testifies) aware of the degree of its unevenness, this was a matter so open to ocular observation that, in consequence of the length of time during which he had been engaged in handling freight of all kinds in this very warehouse, he would stand in no better position than if he had actual knowledge of it as it really was. He was bound to make use of his eyes to see a source of danger which was open and apparent to anybody who would use his eyes. He was not a child, but had presumably reached years of discretion. As to the danger and difficulty of handling the stone on account of its weight and form, and of the bulge which made it heavier on one side than the other, this is a danger and difficulty which arises from the ordinary operation of familiar laws of gravitation, and from nothing else.

With this ordinary operation of the laws of gravitation every man who has reached the age of twenty-five years, and of ordinary capacity, must be presumed to be acquainted, especially if for years he has been engaged in handling freight of all kinds about a railroad warehouse. If, then, he engages

in moving a millstone, as in this case, the form, bulge, and great weight of which are inevitably apparent, he must take notice of the ordinary operation of familiar laws of gravitation, and therefore must, so far as the observation of these laws is concerned, see to it that he engages in moving it with help sufficient in number to move it with safety. Failing to do so, the risk is his own, and not that of his employer.

On any other basis than this, it would be impracticable to carry on any extensive business like that of railroad corporations. Unless it affirmatively appears that a master knows or ought to have known that an employe, on account of immature age, or some incapacity, cannot reasonably be expected to possess ordinary common sense and judgment, it must be presumed that the employe does possess them, and will to a reasonable extent act accordingly, and any neglect or failure to do so must be regarded as a risk of the employment, which the employe takes upon himself. Even if he were directed (as it is claimed the plaintiff was in this case) by a fellow employe, holding a position over him, to move the stone without help sufficient in numbers to enable it to be done with safety, this would not alter the result. The negligence of such an employe would be the negligence of a fellow-servant, for the consequences of which the principal would not be liable. *Brown* v. *Winona & St. Peter R. Co. ante,* p. 162.

Upon these grounds, we are of opinion that the action was properly dismissed.

Order affirmed.