FINDLAY *v.* RUSSEL WHEEL & FOUNDRY CO.

1. MASTER AND SERVANT—SCOPE OF EMPLOYMENT.

It is not without the scope of the employment of one employed in a car factory to do general work,—such as carrying timbers, painting, lifting, etc.,—to assist in hoisting a car upon its trucks by means of a block and tackle apparatus, especially where he has been accustomed to render such service whenever called upon to do so.

2. SAME—OBVIOUS DANGER.

A master is not bound to inform an employé of dangers that are open to ordinary observation.

3. SAME—FELLOW-SERVANTS.

The foreman of a department in a factory, who works with the men under his charge, is a fellow-servant of the men as to all acts which it is not the duty of the master to perform.

Error to Wayne; Carpenter, J. Submitted January 9, 1896. Decided February 7, 1896.

Case by William Findlay against the Russel Wheel & Foundry Company for personal injuries. From a judgment for plaintiff, defendant brings error. Reversed.

*Moore & Moore* (*Russel & Campbell*, of counsel), for appellant.

*John G. Hawley*, for appellee.

HOOKER, J. The plaintiff was engaged in the manufacture of cars at the defendant's car shop. The car bodies were placed upon trucks by the use of a rope, both ends of which extended to a point near the ceiling, where they passed through a double block, after which the ends united in a ring. A drum or winch was situated near, from which a rope proceeded through a sheave just above the floor. The rope had a hook at the end, which was used to hook into the ring mentioned. Winding the rope upon the drum had the effect of drawing it;through the sheave, and, in turn, would draw the double rope through the double block above, thus lifting the car or weight. A chain five or six feet long was fastened by one end near the sheave. At the other end of the chain was a hook. When the weight was raised sufficiently high, the chain was passed through the ring, and the hook was hooked into or about the chain, thereby holding and taking the weight off from the sheave or winch, permitting the rope to be withdrawn. It is apparent that the rope could only be unhooked from the ring after the chain had been passed through and fastened, and the testimony shows that it was sometimes disengaged with difficulty, by jerking.

The accompanying diagram will aid in an understanding of the situation.

On the day in question, the plaintiff was called by the foreman in charge of the room to aid in hitching and unhitching the rope, and to assist in placing a flat car upon its trucks. The foreman was in the habit of working with the men, there being about 14 in his department. After the chain was fastened, the plaintiff attempted to

unhook the rope, giving the signal, by saying "All right," which, he says, meant that the foreman, King, who had charge of the winch, should slacken the rope by unwinding the rope from the drum. Plaintiff states that, instead

Side View          Front View

of doing so, he set the drum in motion the wrong way, thereby winding up the rope and raising the weight, and that he (the plaintiff) had his hand upon the rope, and it was drawn down into the sheave, resulting in the loss of

two fingers. He recovered a judgment against the defendant in an action for negligence, and the defendant has appealed. The only errors assigned are the submission of the case to the jury and the refusal to direct a verdict for the defendant.

The plaintiff contends that he should recover—*First,* because the defendant's vice principal was guilty of negligence in the use of the winch, by starting it up without notice; *second,* because the plaintiff was called upon to perform a dangerous service, without reasonable caution, when the plaintiff was unaware of the peril, which service was not within the scope of his employment.

We think that the evidence shows, beyond dispute, that the plaintiff was not called to work outside of his line of duty. He testified that he "was working in the car shop, and was carrying timber, painting, and other general work of that kind, and lifting, and such like." He said, further, that it was customary for the foreman to call upon himself and fellows to render this service, and he had rendered it on several occasions. It does not appear that he was employed to do any particular part of the work, but to do general work, including lifting. The work was not only in the line of his duty, and work with which he was familiar, from observation and experience, for the period of two years, but it should have been obvious to the most casual observer, or the veriest tyro in mechanics, that the winding of the rope upon the drum would raise the weight, and draw the hand into the sheave, if not removed, and that injury would result.

We cannot say that the plaintiff was negligent. His hand was within two or three feet of the sheave. If started suddenly and rapidly, in a different direction from what was expected, there was little time to think; and there is nothing to indicate that it was negligent to take hold of the rope to disengage it.

But one question remains, viz., was the foreman, King, a fellow-servant? This question has been frequently be-

fore the court of late, and we have repeatedly held that a foreman of a department, who takes part in the performance of labor with his men, is a fellow-servant, as to acts which it is not the duty of the master to perform. *Beesley* v. *F. W. Wheeler & Co.*, 103 Mich. 196; *Schroeder* v. *Railroad Co.*, Id. 213.

The court should have directed a verdict for the defendant.

The judgment is reversed, and no new trial ordered.

The other Justices concurred.