MAKI v. UNION PAC. COAL CO.

(Circuit Court of Appeals, Eighth Circuit. May 18, 1911.)

No. 2,924.

*(Syllabus by the Court.)*

1. MASTER AND SERVANT (§ 204*)—ASSUMPTION OF RISK NOT ABOLISHED BY CHAPTER 80, LAWS OF WYOMING 1890–91, REQUIRING SAFEGUARDS ABOUT MINING MACHINERY.

The statute of Wyoming requiring the fencing of machinery at and about a mine, and providing that a cause of action shall accrue to a servant injured by the willful failure of his master to comply with the law (chapter 80, §§ 7, 17, Laws Wyo. 1890–91; Rev. St. Wyo. 1899, §§ 2573, 2582), does not abolish the defense of assumption of risk, and it is still available to the defendant in such an action.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 545; Dec. Dig. § 204.*]

2. STATUTES (§ 226*)—ADOPTION ADOPTS PRIOR CONSTRUCTION.

The enactment or adoption of a statute which has been elsewhere in force is presumed to be the adoption of the construction which had previously been given to that statute by the judicial tribunal whose duty it was to interpret it.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 256, 307; Dec. Dig. § 226.*]

3. MASTER AND SERVANT (§ 217*)—ASSUMPTION OF RISK OF EFFECT OF MASTER'S KNOWN NEGLIGENCE.

While a servant does not assume the risk of his master's negligence, the effect of which is neither known to him, nor readily observable, nor to be apprehended, he does, by continuing in the employment without complaint, assume the risk of the effect of such negligence that is known to him, or is obvious or plainly observable and the danger of which

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

is appreciated by him, or is apparent, as completely as he assumes the ordinary risks of his occupation.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 574–600; Dec. Dig. § 217.*

Assumption of risk incident to employment, see note to Chesapeake & O. R. Co. v. Hennessey, 38 C. C. A. 314.]

4. MASTER AND SERVANT (§ 217*)—APPARENT DANGER—KNOWLEDGE.

One cannot be heard to say that he did not appreciate a danger whose knowledge and appreciation were so unavoidable that a person of his prudence and intelligence in his situation could not have failed to perceive and appreciate it.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 574–600; Dec. Dig. § 217.*]

In Error to the Circuit Court of the United States for the District of Colorado.

Action by Jacob Maki, administrator of August Wainianpaa, against the Union Pacific Coal Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Wayne C. Williams (A. L. Doud and A. J. Fowler, on the brief), for plaintiff in error.

Clayton C. Dorsey (William V. Hodges and N. H. Loomis, on the brief), for defendant in error.

Before SANBORN and VAN DEVANTER, Circuit Judges, and WILLIAM H. MUNGER, District Judge.

SANBORN, Circuit Judge. The state of Wyoming provided by statute in 1891 that all machinery about mines should be properly fenced off, and that for any injury to any person occasioned by any violation of this statute, or any willful failure to comply with its provisions, a right of action against the party at fault should accrue to the party injured for the direct damages sustained thereby, and that in any case of loss of life by reason of such violation or willful failure a right of action against the party at fault should accrue to the administrator of the estate of the person whose life should be lost for like recovery of damages for the injuries sustained. Laws Wyo. 1890–91, c. 80, §§ 7, 17; Rev. St. Wyo. 1899, §§ 2573, 2582.

On November 18, 1902, a servant of the defendant, the Union Pacific Coal Company, a corporation, was drawn in between two unfenced cog wheels used by it about its mine at Hanna, in the state of Wyoming, and killed, and Jacob Maki, the administrator of his estate, brought this action to recover the damages caused by his death. At the opening of the trial the plaintiff's counsel made a statement of his case, the material facts of which are these: In the shaker, which was operated in connection with the mine to shake and screen the coal, there were two unfenced coacting cogwheels, "one which ran horizontally, and right below that was another which ran perpendicularly." By the side of these wheels, and about 2½ feet below the place where they engaged, were two planks. The horizontal wheel extended over one plank, so that the decedent had only one plank on which to pass it. He was a Finlander, was employed in and about the machinery, and

it was his duty, among other things, to oil the machinery and to pass these cogwheels on this plank about once an hour. On November 18, 1902, the machinery stopped, and he was found dead between the wheels. These wheels were not guarded, and had been without fence or guard for a long time.

At the close of this statement of the facts, the court below directed the jury to return a verdict for the defendant, on the ground, undoubtedly, that the risk and danger of passing and working about these unguarded wheels were obvious, and were assumed by the decedent. This ruling is attacked by counsel for the plaintiff on the ground (1) that the risk could not be assumed by the decedent, because the statute provides that the cause of action for the death shall accrue for the willful failure to guard such machinery; (2) that the failure to guard it was per se negligence of the master, and the risk of the master's negligence is never assumed by the servant; and (3) that the facts failed to show that the risk was obvious and that the danger was appreciated by the decedent.

[1] It is a general rule of law that a servant, by entering or continuing in the employment of a master without complaint, assumes the risks and dangers of the employment which he knows and appreciates. But counsel for the plaintiff contend that the statutory declaration that a cause of action shall accrue for the willful failure to erect required guards about machinery abrogates this defense. A cause of action accrues, however, for an injury caused by a failure to comply with a statute requiring such safeguards, although there is no express provision in the statute that such an action shall accrue, and this court has repeatedly held that such statutes fail to extirpate this defense. St. Louis Cordage Co. v. Miller, 61 C. C. A. 477, 491, 126 Fed. 495, 509, 63 L. R. A. 551; Glenmont Lumber Co. v. Roy, 61 C. C. A. 506, 511, 512, 126 Fed. 524, 529, 530; American Linseed Oil Co. v. Heins, 72 C. C. A. 533, 536, 141 Fed. 45, 48; Denver & Rio Grande R. Co. v. Norgate, 72 C. C. A. 365, 377, 141 Fed. 247, 259, 6 L. R. A. (N. S.) 981; Chicago Great Western Ry. Co. v. Crotty, 73 C. C. A. 147, 153, 141 Fed. 913, 919, 4 L. R. A. (N. S.) 832; Federal Lead Co. v. Swyers, 88 C. C. A. 547, 550, 161 Fed. 687, 690. So far as the creation of the cause of action and the abrogation of the defense of assumption of risk is concerned, the legal effect of the Wyoming statute is in our opinion the same as that of the statutes considered in the cases which have just been cited. None of them expressly abolishes this defense, and, although there are authorities to the contrary, the better rule, the stronger reasons and the weight of authority are that, notwithstanding such statutes, this defense is still available to the master. The reasons for this conclusion and the authorities which sustain it have been so often and so exhaustively reviewed by this court, notably in St. Louis Cordage Co. v. Miller and Denver & Rio Grande R. R. Co. v. Norgate, supra, that it is useless to repeat them here.

[2] Moreover, the Wyoming statute, and especially that part of section 17 which declares that the cause of action shall accrue for the failure to comply with its requirements, was imported into the state of Wyoming from the state of Pennsylvania. It appears in section 24

of the act providing for the health and safety of persons employed in coal mines approved March 3, 1870 (Laws Pa. 1870, p. 3), in section 11 of an amendment and re-enactment of that law approved April 18, 1877 (Sess. Laws Pa. 1877, p. 62), and in section 17 of an amendment and re-enactment of that law approved June 30, 1885 (Sess. Laws Pa. 1885, p. 217). Section 17 of the Wyoming statute, with the exception of the proviso, which is not material here, is copied word for word from section 17 of the Pennsylvania act of 1885, with the exceptions that "chapter" is substituted for "act," "the administrator of the estate" for "the widow and lineal heirs of the person," and the words "they shall have" are omitted before the word "sustained" at the close of the section, where it reads "for like recovery of damages for the injury they shall have sustained." The Pennsylvania act provided that "all machinery in and about the mines * * * shall be properly fenced off" and that for "any willful failure to comply with its provisions * * * a right of action shall accrue," and the Supreme Court of Pennsylvania twice held before this statute was adopted by the state of Wyoming that it did not abolish the defense of contributory negligence, or that of the negligence of a fellow servant. Honor v. Albrighton, 93 Pa. 475, 478; McDonald v. Rockhill Iron & Coal Co., 135 Pa. 1, 19, 19 Atl. 797. This statute, after it had been thus construed, was adopted by the state of Wyoming in 1891, and as the Supreme Court of Pennsylvania had then held that the defenses of contributory negligence and the negligence of a fellow servant had not been abolished thereby, it was clear that its opinion was that it did not abrogate the defense of assumption of risk; and the adoption of a statute of another state is presumed to be the adoption of the construction thereof which had been theretofore placed upon it by the judicial tribunal whose duty it was to interpret it. Sanger v. Flow, 1 C. C. A. 56, 58, 48 Fed. 152, 154; Blaylock v. Inc. Town of Muskogee, 117 Fed. 125, 127, 54 C. C. A. 639, 641. The conclusion, therefore, is that the defense of the assumption of the risk by the plaintiff was not taken away by the Wyoming statute under which this action was brought.

[3] The second contention of the plaintiff's counsel is that the defendant's failure to fence off the machinery was negligence in itself, that a servant does not assume the risk of his master's negligence, and that, therefore, the plaintiff was entitled to a verdict. The answer is that, while it is true that the servant does not assume the risk of his master's negligence, the effect of which is neither known to him nor readily observable, nor to be apprehended, yet he does, by continuing in the employment without complaint, assume the risk of the effect of such negligence which is known to him, or is obvious or plainly observable, and the danger of which is appreciated by him, or is clearly apparent, just as completely as he assumes the ordinary risks of his occupation. Texas & Pacific Ry. Co. v. Archibald, 170 U. S. 665, 672, 18 Sup. Ct. 777, 42 L. Ed. 1188; Choctaw, Oklahoma & Gulf R. R. Co. v. McDade, 191 U. S. 64, 68, 24 Sup. Ct. 24, 48 L. Ed. 96; St. Louis Cordage Co. v. Miller, 61 C. C. A. 477, 490, 126 Fed. 495, 508, 63 L. R. A. 551; Burke v. Union Coal & Coke Co., 84 C. C. A. 626,

628, 157 Fed. 178, 180; Lake v. Shenango Furnace Co., 88 C. C. A. 69, 74, 160 Fed. 887, 892; Kirkpatrick v. St. Louis & S. F. R. Co., 87 C. C. A. 35, 38, 159 Fed. 855, 858. The absence of any fence about the revolving cogwheels, and the risk and danger of injury by them, were so plainly observable by the decedent, who had been oiling them and passing them on the plank by their side about once an hour, that he could not have failed to have seen and known them.

[4] Finally, attention is called to the rule that a recovery may sometimes be had where the risk is obvious, but the danger is not fully appreciated by the party injured; and counsel argue that the question whether or not the decedent appreciated the danger should have been submitted to the jury. But the decedent was a man presumably possessing the ordinary faculties of an adult who has a sound mind and body. It is true that he was a Finlander; but the statement of his counsel contained no intimation that he could not see these engaging wheels, or could not understand or know that they would crush a human being drawn between them, that a person upon the revolving horizontal wheel might be caught between them, and that the clothes of one caught between the engaging cogs would draw him between the wheels; and in the absence of any claim or declaration that he had not the ordinary intelligence, ability, and prudence of men in like situations, he must be presumed to have been a Finlander of ordinary prudence and intelligence. And one cannot be heard to say that he did not know or appreciate a danger, whose knowledge and appreciation were so unavoidable that a person of his prudence and intelligence could not have failed to perceive and appreciate it. Lake v. Shenango Furnace Co., 88 C. C. A. 69, 74, 160 Fed. 887, 892; St. Louis Cordage Co. v. Miller, 61 C. C. A. 477, 495, 126 Fed. 495, 513; Kirkpatrick v. St. Louis & S. F. R. Co., 87 C. C. A. 35, 39, 159 Fed. 855, 859; King v. Morgan, 109 Fed. 446, 448, 48 C. C. A. 507, 509; Moon-Anchor Consol. Mines v. Hopkins, 111 Fed. 298, 305, 49 C. C. A. 347, 353. Under the settled rules of law to which reference has been made, the plaintiff was not entitled to recover any damages of the defendant in this case, and there was no error in the court's instruction to the jury to that effect.

The judgment below must accordingly be affirmed; and it is so ordered.