CARNEY COAL COMPANY v. BENEDICT.*
(No. 720.)

MASTER AND SERVANT—INJURIES IN COAL MINES—ASSUMED RISK—EVIDENCE—BELIEF OF SERVANT AS TO SAFETY OF PLACE OF WORK—ADMISSIBILITY—INEXPERIENCE OF SERVANT—DUTY OF EMPLOYER TO WARN—OBVIOUS DANGER—PROXIMATE CAUSE OF INJURY—DIRECTING VERDICT.

1. In an action for an injury to a coal miner, where defendant's liability was claimed upon the theory that the injured workman was inexperienced, and that the defendant knowing that fact had failed to instruct or warn him of the danger incident to the employment, and that the injury was the proximate cause of such failure of duty on the part of defendant, *Held,* that evidence of the plaintiff's acts just before and at the time of the injury was competent as a part of the *res gestae* and as bearing on the question whether as a reasonably prudent man, he ought, under the circumstances, to have appreciated the danger.

*An order was entered June 20, 1913, on the petition of defendant in error, granting a rehearing in this case.

2. In such an action evidence tending to show the skill and ability of the plaintiff as a coal miner to discover danger and how to avoid it was competent as bearing on the question whether he acted as a reasonably prudent man similarly situated should and ought to have acted.

3. The plaintiff was properly permitted to state, when examined as a witness on his own behalf, what his belief was just prior to the injury as to whether or not he was working in a safe place, and that he believed he was working in a safe place free from danger, and that there was nothing to indicate that he was in any presence of danger.

4. In an action by an alleged inexperienced coal miner to recover for injuries received in the mine by the falling of a lump of coal, where the plaintiff was permitted without objection to state as a witness in his own behalf that he did not appreciate the danger of the falling coal from which he was injured, the question whether such testimony was subject to proper objection was not before the appellate court for consideration.

5. Where the plaintiff, in an action brought for injuries received when working in a coal mine by coal falling upon him, testified without objection that he did not appreciate the danger of the falling coal from which he was injured, *Held*, that the jury were not concluded by such testimony of the plaintiff, but were required to find from all the evidence whether as a reasonably prudent man he ought to have appreciated the danger or was able to form a judgment with respect to it as to whether or not he was in danger at and just prior to his injury; the defendant's liability being claimed upon the theory that the plaintiff was inexperienced, and that the defendant knowing that fact failed to instruct and warn him of the danger incident to his employment, and how to discover and avoid such danger.

6. Notwithstanding that there was evidence in the action aforesaid, to the effect that plaintiff had worked and received wages as a miner while working with his father in mining coal in another coal mine, and also that he had previously been employed in and about the defendant's coal mine as a car driver, such evidence would not of itself relieve the defendant of the duty of warning the plaintiff of the dangers incident to his occupation as a coal miner, if in fact plaintiff was inexperienced, and the defendant had knowledge of that fact.

7. In an action for personal injuries brought by an injured employee against the employer, whether the danger was obvious to the plaintiff is ordinarily a question of fact for the jury, and in determining that question the jury may and should take into consideration the nature of plaintiff's employment in which the injury occurred, his experience and capacity to understand and appreciate the danger of his employment, and how to avoid such danger.

8. Although the plaintiff, in an action against an employer for personal injuries received when working in the employer's coal mine, may have been inexperienced as alleged, and although the defendant, as alleged, may not have instructed and warned the plaintiff how to discover and avoid danger of falling coal by what is known as the "sounding test," the plaintiff could not recover unless the failure of the defendant to so instruct and warn him was the proximate cause of the injury.

9. Plaintiff, a young man without experience, as alleged in his petition, was employed by the defendant as a coal miner. He and the one working with him, after having fired a shot to loosen the coal, discovered a crack on one side of a large projecting lump of coal, and inserted a bar in the crack in an attempt to pry down such lump, but being unable to get it down in that manner, plaintiff concluded that there was no immediate danger of its falling and proceeded with the work of loading the coal which had fallen after the firing of the shot, and while so working the said lump fell, injuring plaintiff's foot and ankle, necessitating amputation. *Held,* that plaintiff was charged with knowledge of the law of gravitation, that the risk of injury from the fall of said lump of coal was obvious, and, therefore, the plaintiff could not complain of failure on the part of the defendant to instruct and warn him of the danger incident to his employment, or how to discover and avoid such danger.

10. The evidence aforesaid to the effect that the plaintiff attempted to pry down the coal which subsequently fell and injured him for the purpose of avoiding danger from its falling showed that he appreciated the danger and concluded him upon that question, and, therefore, any failure of the defendant company to instruct and warn the plaintiff as an inexperienced miner was not the proximate cause of the injury, and, since the only ground for a recovery upon the petition and evidence would have been such

failure on the part of the company to instruct and warn, the motion of the defendant to direct a verdict in its favor should have been sustained.

[Decided February 17, 1913.]        (129 Pac. 1024.)

ERROR to the District Court, Sheridan County, HON. CARROLL H. PARMELEE, Judge.

Charles R. Benedict brought the action against the Carney Coal Company to recover for personal injuries received while working for the defendant in its coal mine as a coal miner. A peremptory instruction for the defendant was denied, and there was a verdict and judgment for the plaintiff. The defendant brought error. The material facts are stated in the opinion.

*Enterline & LaFleiche,* for plaintiff in error.

It was improper to permit the plaintiff to testify over objection that he believed immediately prior to his injury that the place wherein he was working was safe. Whether or not it was a reasonably safe place was for the jury to decide. The undisputed evidence discloses that the plaintiff was of mature years, of average intelligence, in the possession of all his faculties, and that his injury was caused by a condition made by himself and was so open, patent, obvious and apparent that no experience was required to appreciate the danger. The evidence also establishes that the plaintiff knew of the existence of the danger. Therefore, whether or not he was inexperienced became wholly immaterial. Error was committed in the admission of opinion evidence as to matters which were for the jury alone to decide, and examples of these are found in the questions calling for opinions as to whether the experience required to discover the dangers of mining coal could be acquired by one driving a car in the mine, and the questions asking for the opinion of the witness as to whether it would be necessary for a miner to have either experience or suitable warning or instruction in order to detect the danger of falling coal.

The fact that the lump of coal which fell and injured the·
plaintiff was liable to fall, appears from the evidence to have
been so obvious that any reasonably prudent person would
have appreciated the danger, and that danger was so obvious
that the case is brought within the authorities denying the
right to recover where the risk was obvious and ought to
have been fully appreciated by the party injured.  (Maki v.
Coal Co., 187 Fed. 389, 109 C. C. A. 221 ; 1 Labatt's Master
& Servant, Sec. 238; Simms v. So. Car. R. Co., 2 S. E.
486; Bjbjian v. Rubber Co., 41 N. E. 265; Hathaway v.
Mich. C. R. Co., 16 N. W. 634; Houston &c. R. Co. v.
Strycharski, 26 S. W. 253, 642; Findlay v. Foundry Co.,
66 N. W. 50; Connolly v. Eldredge, 36 N. E. 469; Yeager
v. Burlington &c. R. Co., 61 N. W. 215; Hogle v. Wilson,
31 Pac. 469; Railsback v. Wayne &c. Co., 38 N. E. 221;
Dougherty v Iron & Steel Co., 60 N. W. 274; East Tenn.
&c. Co. v. Turvaville, 12 So. 63; Ill. Cent. R. Co. v. Price,
18 So. 415; Kean v. Detroit C. & B. Mills, 33 N. W. 395;
Campbell v. Mullen, 60 Ill. App. 497; Vilas v. Vanderbilt,
44 N. Y. Supp. 267; DeSouza v. Stafford Mills, 30 N. E. 81 ;
Casey V. Paving Co., 47 Atl. 1128; Cunningham v. Bridge
Works, 47 Atl. 846.)    All employment in a coal mine is
dangerous and is generally so understood by everyone,
whether experienced or not.  As to the plaintiff, who was a
man of mature years and had worked in the mine, there is
no reason for applying the rule which would govern in the
case of a minor or a person not in the possession of all his
faculties.  Notwithstanding plaintiff's testimony, that he did
not appreciate the danger, the court should have directed a
verdict and not have permitted the jury to speculate upon
the question.  The admission of plaintiff's testimony to the
effect that he did not understand or appreciate the danger,
which we contend was error, makes more apparent the error
in submitting the case to the jury.  (Over v. Mo. K. & T.
R. Co., 73 S. W. 535.)    It should have been held by the
court as a matter of law that the plaintiff was bound to
know, appreciate and understand the danger which resulted

in his injury. The sole purpose of requiring warning by an employer is to give information of unknown or unappreciated dangers, so that when the servant knows and appreciates the hazards of his employment no warning or instruction is required. (Cudahy Packing Co. v. Marcan, 45 C. C. A. 515.) Not only was the danger obvious, but it was one created by the plaintiff himself, and no warning or instruction is required under such circumstances. (1 Bailey's Pers. Inj., Secs. 298, 301, 304, and cases cited.) The plaintiff was bound to take notice of the ordinary operation of familiar natural laws and govern himself accordingly. (Swanson v. Ry. Co., 70 N. W. 978; Walsh v. Ry. Co., 27 Minn. 367, 8 N. W. 145; Olson v. McMullen, 34 Minn. 94, 24 N. W. 318; Pederson v. Rushford, 41 Minn. 289, 42 N. W. 1063; Quick v. Iron Co., 47 Minn. 361, 50 N. W. 244; Hardy v. Ry. Co., 115 N. W. 8; Thurman v. Copper Co., 108 Pac. 588; Paule v. Mining Co., (Wis.) 50 N. W. 189; Cole v. Ry. Co., (Wis.) 114 N. W. 84; White on Pers. Inj. in Mines, Sec. 41; 4 Thomp. on Neg., Sec. 4063; Coal Co. v. Barringer, 75 N. E. 900.)

The court erred in refusing instructions "A" and "B" requested by the defendant. The master is not liable for an injury received by reason of change of conditions made by the servant; and that rule is particularly applicable where the danger thus created is obvious and observed by the servant. Instruction "C" requested by the defendant should have been given. It seems to be the universal rule that where a man of mature years and average intelligence solicits a particular employment, he thereby holds himself out to the employer as qualified to perform the task, and the master may assume that he is qualified and experienced. Instructions "F" and "H" requested by the defendant should have been given, as well as instructions "I" and "K." Instruction "K" stated that if the jury should find that the plaintiff, either by himself or in conjunction with his fellow servant, set the blast in the face of the vein in which they were engaged at work, so that the blast cracked and loosened

pieces of coal in the vein, and that plaintiff knew, or in the exercise of reasonable care could have known, that detached or loosened pieces of coal were liable to fall after having been so detached and loosened, the plaintiff could not recover. That instruction, we think, stated the law correctly. An instruction given stated to the jury unequivocally as a matter of law that a legal duty rests upon the master to warn and instruct his servant in any event, without mentioning any exception to the rule requiring such warning and instruction. That instruction, which was numbered "3," was, we maintain, error. The trial court attempted by instruction number "4" to define the law respecting open, visible and obvious danger, but the instruction embraced exceptions and qualifications such as to convey an entirely different direction than was warranted by the record in this case. The instruction was confined to dangers which are "visible and obvious to the comprehension of the servant, considering his years, experience and understanding." The other instructions that were given are subject to a similar objection.

*Burgess & Kutcher,* for defendant in error.

It was proper to permit the plaintiff to testify that he believed that at the time of his injury no danger existed. His testimony as to what he did or did not know and comprehend was competent and admissible. (Stewart v. Copper Co., (Mont.) 111 Pac. 723.) The fact that the plaintiff created the danger in the progress of the work is true in nearly all cases of this character. The very object of warning and instruction is to enable the servant to avoid the danger which he, himself, creates. Whether the danger was obvious or not was a disputed fact and was properly left to the jury, and by the verdict the jury found that the danger was not open, patent or obvious. The opinion of an experienced coal miner concerning whether one inexperienced could discern whether a large piece of coal, behind which there was a crack, was dangerous, was certainly admissible. (Texas &c. R. Co. v. Douglas, (Tex.) 11 S. W. 333; R. Co. v. Kennedy, 82 Fed. 158, 27 C. C. A. 136.) Likewise it was

proper for such a witness to give his opinion, and the reason for it, that the driving of a mule in hauling cars in a mine would not give one experience in the actual operation of mining coal. An expert may testify concerning the dangers of a machine, what precautions are necessary to avoid them, and that before men are set to work they are carefully instructed in the use of the machine. (Biscuit Co. v. Rouss, 74 Fed. 608, 20 C. A. A. 555.)

Where one hires' another to perform work which will expose him to danger known to the employer, but which the servant does not know, or, knowing in a general way, does not understand or appreciate by reason of his inexperience, it is the duty of the employer, if he has notice of such facts, to give such warning and instruction as is reasonably required to enable the one so employed, in the exercise of ordinary care, to understand and appreciate the danger and guard against it. (26 Cyc. 1165; White's Pers. Inj. in Mines, Secs. 392, 456; 4 Thompson on Neg. Sec. 4055; 1 Labatt on Master & Servant, Sec. 235.) The question whether the danger is obvious and apparent must be considered with reference to the age, experience and capacity of the servant. (4 Thompson on Neg., Sec. 4061; 26 Cyc. 1176; Cudahy Pack. Co. v. Marcan, 45 C. C. A. 515; Maki v. Coal Co., 109 C. C. A. 221.) A servant does not assume any risk which he does not know, or knowing in a general way, does not understand or appreciate on account of inexperience. (26 Cyc. 1196; White's Per. Inj. in Mines, Secs. 179, 180, 182; Stewart v. Copper Co., (Mont.) 111 Pac. 723; Delbusso v. Am. &c. Co., (Mich.) 130 N. W. 702.) The same rule applies to contributory negligence. (26 Cyc. 1236; 5 Thompson on Neg., Sec. 5339; 1 Labatt, Secs. 319, 320; White's Per. Inj. in Mines, Secs. 255-283.) These well settled rules, when applied to the facts of this case, clearly entitle the plaintiff to recover.

The danger of the falling of the particular lump of coal which did fall is not shown by the evidence to have been open, obvious and easily visible to the naked eye, nor was it

obvious that the lump of coal was loose, nor is it shown that the plaintiff knew it to be loose.   On the contrary, the evidence shows that the danger was not apparent except to one with knowledge sufficient to examine for and discover it; that so far as the plaintiff knew, the coal was not loose, but appeared to be solid; and the crack behind it was not a large one extending back of the lump, but a small crack indicating no particular evidence of danger.   The projecting lump was obvious and the crack was visible, but not the danger of the coal falling.   As in the case of a machine, the machine is visible, and the wheels, cogs and knives are open and obvious, but to an inexperienced and uninstructed employe the danger is unappreciated in the sense of knowing how to guard against it.   Upon the facts in this case it was properly submitted to the jury.   A directed verdict for the defendant would have been error.   (Paving Co. v. Hudson, 52 N. E. 256; Sidwell v. Coal Co., 130 N. W. 729; Hosking v. Cleveland I. Min. Co., 128 N. W. 777; Hanley v. Cal. B. & C. Co., (Cal.) 59 Pac. 577; Larsen v. Magne-Silica Co., (Cal.) 111 Pac. 119; Daly v. Keil, (La.) 30 So. 254; 4 Thomp. on Neg., Sec. 4065; Olson v. Tel. Co., (Neb.) 127 N. W. 916; Gill v. Homrinhausen, (Wis.) 48 N. W. 862.) The controlling fact in the case with reference to the obviousness of the danger was plaintiff's inexperience.   An experienced miner might have known that the body of coal was liable to fall, and yet it might be apparently safe to one without experience.   An experienced miner assumes the ordinary and usual risks of his employment; but this rule does not apply to one who is inexperienced, respecting dangers he does not know or appreciate, while exercising reasonable care.

SCOTT, CHIEF JUSTICE.

The defendant in error as plaintiff, and who will be referred to as the plaintiff, brought this action in the District Court of Sheridan County against the Carney Coal Company as defendant, which will be referred to here as the defendant, to recover damages for a personal injury alleged

to have been sustained while mining coal in defendant's coal mine. The case was tried to a jury which found for the plaintiff and assessed his damages at the sum of $1,000. A motion for a new trial was filed by the defendant and submitted to the court, which motion the court overruled, and judgment having been rendered upon the verdict, the defendant brings the case here on error.

(1) It is urged that the court erred in the admission and exclusion of certain evidence over defendant's objection; (2) that the petition failed to state facts sufficient to constitute a cause of action; (3) that the evidence was insufficient to support a judgment, and (4) that the court erred in refusing to instruct the jury to find for the defendant. The first three of these alleged errors are grouped and discussed together in plaintiff in error's brief, and for convenience the four may be here considered together.

The case was brought and tried upon the theory that the plaintiff, who was twenty-three years of age at the time of the injury, was inexperienced in coal mining, which fact was well known to the company, and that the company failed to instruct or warn him of the danger incident to his employment and put him to work with a man who was unable to talk or converse in the English language, and which language was the only one in which plaintiff could converse, and that the injury was the proximate cause of the failure of the company to warn and instruct him of the danger and how to discover and avoid such danger. That upon the day of the accident he and his co-employee in the room in which they were engaged in mining drilled a hole in the vein of coal and put in a charge which they fired for the purpose of loosening and throwing down the coal. The shot threw down some of the coal, after which they discovered a large piece of coal partially loosened with a crack in the vein, and inserted an iron tamping bar in the crack and tried to pry the coal down, but being unable to do so they proceeded with their work and while so working the piece of the coal fell and

injured plaintiff's foot and ankle so that the same had to be amputated.

· The plaintiff, over the objection of the company, was inquired of as to what his belief was just prior to the injury as to whether or not he was working in a safe place and answered that he believed he was working in a safe place, free from danger, and that there was nothing to indicate that he was in the presence of any danger. His acts just before and at the time of the injury were competent as a part of the *res gestae* and as bearing on the question as to whether as a reasonably prudent man he ought, under the circumstances, to have appreciated the danger. Evidence tending to show his skill and ability as a coal miner to discover danger and how to avoid it, was competent as bearing on the question as to whether he acted as a reasonably prudent man should or ought to have acted when similarly situated.

The case of Stewart v. Pittsburg & Montana Copper Co., 42 Mont. 200, 111 Pac. Rep. 723, was an action for personal injury. In that case Stewart was injured in emptying a slag pot while executing the order of a superior to enter into a dangerous place, and while acting under the personal direction of his employer. He was permitted, over objection, to testify that he did not appreciate the danger into which he was ordered by Zachman, the shift boss. The court say: "Contention is made that the witness was thus called upon to determine for himself the very question which it was the duty of the jury to decide; but with this we cannot agree. The question for determination at the trial was not whether plaintiff appreciated the danger, but whether, as a reasonably prudent person, under the circumstances he ought to have appreciated it. The standard in all such cases is that of a reasonably prudent person similarly situated. The plaintiff might say that he did not appreciate the danger, and yet his answer would not avail him if the jury concluded from all the facts and circumstances that, as a reasonably prudent person, he ought to have appreciated it; and the fact that

plaintiff prevailed indicates that his lack of appreciation of the danger was deemed by the jury no greater than that of the average prudent person similarly situated. All the facts and circumstances were before the jury: A description of the place, the character of the work, the abnormal condition prevailing with respect to this particular slag pot, and the experience or inexperience of the plaintiff.

"We think the evidence was properly admitted. The manifest purpose of the question was to negative the idea that the plaintiff assumed the risk when he went into the place and attempted to pry out the contents of the slag pot. We have repeatedly said that it is not sufficient that plaintiff knows of the risk; he must appreciate the danger as well. O'Brien v. Corra Rock-Island Min. Co., 40 Mont. 212, 105 Pac. 724; Hollingsworth v. Davis-Daly Estates Copper Co., 38 Mont. 143, 99 Pac. 142; Stephens v. Elliott, 36 Mont. 92, 92 Pac. 45.

"What, then, is meant by saying that plaintiff appreciates the danger? In McKee v. Tourtellotte, 167 Mass. 69, 44 N. E. 1071, 48 L. R. A. 542, the court said: 'When we say that a man appreciates a danger, we mean that he forms a judgment as to the future, and that his judgment is right.' If this be correct, and we think it is, how, then, may the jury know whether the plaintiff appreciated the danger or formed a judgment with respect to it, except by the answer he gives to the direct question asked him? As said before, his answer is not controlling upon the jury. It indicates his state of mind at the time he acted; but it is still for the jury to say whether, as a reasonably prudent person, he ought to have reached a conclusion that the place into which he was ordered was dangerous, when considered in the light of the surrounding circumstances."

In the case here plaintiff in addition to the foregoing testimony was permitted, without objection, to say in answer to a direct question that he did not appreciate the danger of the falling coal from which he was injured. The jury were not concluded by the answer, but were required

to find from all the evidence whether as a reasonably pru-
dent man he ought to have appreciated the danger, or was
able to form a judgment with respect to it as to whether or
not he was in danger at and just prior to his injury.    As
there was no objection to this question or the answer we
here express no opinion as to whether it was open to ob-
jection or not.

It is here urged, and the evidence tends to show, that the
company's pit boss who employed the plaintiff at the time
plaintiff commenced mining coal in its mine knew that he
was inexperienced, and notwithstanding such knowledge
failed to warn him of the dangerous character of the work,
or instruct him, or to place an experienced miner with him
in the room where he worked and where he was injured. In
so far as the alleged inexperience of Rotolo and his inability
to converse, and with whom plaintiff was directed to work
by the pit boss, is concerned, the plaintiff testified that he
discovered that he was unable to converse with him at the
time he first went to work and on the second day thereafter
and before he was injured he became convinced that
Rotolo was inexperienced as a miner.    If, therefore, the
company was negligent in failing to place an experienced
miner to work with him, that fact became apparent and was
known to plaintiff before the injury occurred, and notwith-
standing such knowledge the plaintiff continued to work in
the room with Rotolo up to the time of the injury.    The
question, however, as to Rotolo's inexperience as a coal
miner and his inability to speak the English language, and
all evidence bearing thereon, was withdrawn from the jury.
It is alleged in the petition, and there is evidence to the
effect that plaintiff worked and was paid miner's wages
while working with his father in mining coal in another coal
mine during the summer of 1903, and also as to his previous
employment in and about the defendant's mine as a car
driver, but it may be said that of itself did not relieve the
company with knowledge of his inexperience if in fact he
was inexperienced, from the duty of warning him when he

changed his occupation from car driving to mining. (Thompson on Negligence, Vol. 4, Sec. 4065; Olson v. Neb. Tel. Co., 87 Neb. 593, 127 N. W. 916.) It is said in 26 Cyc., at page 1165, as follows: "It is the duty of the master to warn and instruct his servant as to defects and dangers of which he knows or ought, in the exercise of reasonable care and diligence, to know, and of which the servant has no knowledge, actual or constructive." Following this paragraph on page 1167, id., the following language is used, viz.: "The duty of warning and instructing a servant is a primary duty of the master, and the delegation of such duty to another servant, whether higher or lower in the scale of employment than the one exposed to danger, cannot relieve him of the responsibility imposed on him by law." On page 1169, id., it is further said: "To be sufficient, a warning or instruction must be so plain and explicit that the servant will understand and appreciate the danger and know how to avoid it by the exercise of due care. * * * In an action for personal injuries alleged to have resulted from the failure of the master properly to warn and instruct the servant, a recovery can only be had when the master's negligence was the proximate cause of the injury." See Bell v. N. P. Ry. Co., 112 Minn. 488, 128 N. W. 829; Sidwell v. Economy Coal Co., (Iowa) 130 N. W. 729; Jones v. Florence Min. Co., 66 Wis. 268, 28 N. W. 207, 57 Am. Rep. 269; Hosking v. Cleveland Iron Min. Co., 163 Mich. 538, 128 N. W. 777; Hanley v. California Bridge & Cons. Co., 127 Cal. 232, 59 Pac. 577, 47 L. R. A. 597. When the employment is changed the same rules obtain. (Thompson on Negligence, Vol. 4, Sec. 4065; Olson v. Neb. Tel Co., *supra*.)

It is here urged that the danger was not latent, but was obvious, and brought about by the act of plaintiff in the course of his work, and for that reason the plaintiff was charged with knowledge of the danger. Whether the danger was obvious to the servant is ordinarily a question of fact for the jury, and in determining that question the jury

could and should take into consideration the nature of his employment, his experience and capacity to understand and appreciate the danger of his employment, and how to avoid such danger.  It is conceded that there was danger accompanying the plaintiff's work, and the evidence tends to show that plaintiff realized the hazard of his employment, for both he and his father told the agent of the company who employed him that he had never had experience in mining coal.  On the day of the injury after the shot was fired the crack in the face of the coal vein was obvious to the plaintiff and his co-employee and an attempt was made to pry down the coal by inserting an iron bar in the crack.  Evidence was introduced tending to show that a test unknown to plaintiff and used by experienced miners would have disclosed liability and danger of the coal falling. It is contended that this test was not resorted to by reason of plaintiff's inexperience.  It is known as the sounding test, and by which, as the evidence tends to show, an experienced miner by tapping the coal can tell from the sound whether the coal is firm or liable to fall.  Plaintiff was not instructed and was ignorant of such test.  Conceding these facts to be true, still the plaintiff could not recover unless the failure of the company to so instruct him was the proximate cause of his injury.  It is said in 26 Cyc., at page 1170, that "Although a master is negligent in not giving instructions as to the dangers of his employment, if the servant receives such information from other sources, whether from other persons or from his own observation, and is thereafter injured, the master is not liable, since his negligence is not the proximate cause of the injury.  When, however, the servant has knowledge of the facts, but is entirely ignorant of the risks involved, it is the duty of the master to warn him."

There is nothing in the evidence tending to show that had the sounding test been used it would have enabled an experienced miner to discover more than the fact that the coal had been loosened by the blast and the crack, which was ap-

parent to the naked eye, and known to plaintiff and Rotolo, his co-employee, showed that fact. The block of coal which fell was variously estimated to be from 600 to 2,500 pounds in weight. Unless supported it would be dangerous for any one to work close to or under it. This fact, we think, was appreciated by the plaintiff, for he testified that one of the reasons for attempting to pry it down was to protect himself from its falling. The crack was large enough, as testified to by him, to insert the tamping bar which he and Rotolo used in their attempt to pry down the coal, and Rotolo testified that the crack was about three inches wide. Such a crack must, we think, be deemed to have been notice that the block of coal had become at least partially detached from the vein and its support necessarily weakened. It is not shown that the sounding test would have discloseed more than the existence of the crack to an experienced miner, nor is it shown that the crack would have failed to indicate danger to a reasonably prudent man similarly situated. If the sounding test had been known and used, and would have indicated to a reasonably prudent man that the block of coal was partially detached from the vein and its support weakened, knowledge that it would be liable to fall would be imputed to plaintiff, for every one is supposed to know the law of gravitation. In Swanson v. Great Northern Ry. Co., 68 Minn. 184, 70 N. W. 978, it is said to be the universal rule "that in performing the duty of his place a servant is bound to take notice of the ordinary operation of familiar natural laws, and to govern himself according. Failing to do so he takes the consequences. He can not charge such consequences upon the master, when he can see that which is open and apparent to a person of ordinary intelligence." The condition was obvious and discernible by the plaintiff. He was not in a position to complain that he was not instructed by the company how to detect such condition, for he had discovered and upon his own evidence sought to protect himself from the falling of the coal in the attempt to pry it down. The danger would be predicated

upon the condition and such condition as here shown was obvious and not latent. (26 Cyc., 1179, 1180.) It is said in Labatt on Master and Servant, Vol. 1, p. 531, Sec. 238, as follows: "The juridical consequences of constructive knowledge being the same as those of actual knowledge, it follows that no duty to instruct a servant can be predicated in a case in which the instruction will not add to the knowledge which, under the circumstances, is attributed to him. In other words, the master is not required to point out dangers which are readily ascertainable by the servant himself if he makes an ordinary careful use of such knowledge, experience and judgment as he possesses. The failure to give instruction, therefore, is not culpable where the servant might, by the exercise of ordinary care and attention, have known of the danger, or, as the rule is expressed, where he had all the means necessary for ascertaining the actual conditions, and there was no concealed danger which could not be discovered." It would make this opinion unnecessarily long to discuss at length the cases illustrating the rule as announced by that learned author as to what danger is open, obvious, or apparent, or plainly visible to a servant who is an adult and presumed to be sound physically and mentally and is chargeable with knowledge of the danger. As satisfying that rule, the following have been held sufficient, viz.: "Dangers which the servant can at a glance observe for himself. (Simms v. South Carolina R. Co., 26 S. C. 490, 2 S. E. 486). "Elements of the danger so obvious to a careful person of average intelligence that ordinary prudence should make him avoid them without warning." (Bjbjian v. Woonsocket Rubber Co., 164 Mass. 214, 41 N. E. 265); "Dangers so simple that it can as well be ascertained at a single view as at many." (Hathaway v. Mich. Cent. R. Co., 51 Mich. 253, 16 N. W. 634, 47 Am. Rep. 569); "Dangers which the servant may see and guard against as well as could the master himself, if present, or any one else deputed by him." (Houston & T. C. R. Co. v. Strycharski, 6 Tex. Civ. App. 555, 26 S. W. 253, 642);

"Dangers obvious to even a casual observer." (Findley v. Russell Wheel & Foundry Co., 108 Mich. 286, 66 N. W. 50) ; "Dangers obvious to any one of ordinary capacity." (Connolly v. Eldredge, 160 Mass. 566, 36 N. E. 469.) We refer in this way to only a few of the cases cited by plaintiff in error in its brief.

In Montgomery Coal Co. v. Barringer, 218 Ill. 327, 75 N. E. 900, the court refused the company's request for a peremptory instruction to the jury to find in its favor, and the Supreme Court speaking of assumed risks say: "The theory * * * is that when the servant had full and complete knowledge of the condition of * * * the place in which he is doing work, and no special knowledge is required on his part to apprise him of the danger which he incurs while * * * working in such place, he will be presumed to have assumed the risk of being injured * * * while working in such place, and that in case of injury the master, by reason of such assumption of risk, is not liable. In the case at bar the defect was obvious and open to the observation of every person of ordinary intelligence who would take the pains to observe the conditions which the appellant knew to exist. The appellee had full opportunity for such observation and, in the language of the Wilson Case (Lake Erie & Western Railroad Co. v. Wilson, 189 Ill. 89, 59 N. E. 573) this was 'sufficient to charge him with knowledge' of the defect and its attendant danger, and he was therefore barred, by reason of such knowledge, from a recovery." It is also said in 26 Cyc., at page 1170, that, "Although a master is negligent in not giving his servant instructions as to the dangers of his employment, if the servant receives such information from other sources, whether from other persons or from his own observation, and is thereafter injured, the master is not liable, since his negligence is not the proximate cause of the injury."

The danger being obvious, the question recurs, what would a reasonably prudent man similarly situated have or

ought to have done under like circumstances?   Not alone
what plaintiff did, but whether he acted as a reasonably
prudent man would or ought to have acted when similarly
situated.    It is here urged that although the danger was
obvious the question of whether the plaintiff appreciated
the danger was one which ought to have been, as it was,
submitted to the jury.   It may be conceded that the ques-
tion as to whether the danger is obvious is ordinarily one
for the jury, but in the absence of a showing a presumption
obtains in this class of cases that the servant is possessed of
a sound mind and body.   It was not pleaded, nor is there
any showing or attempted proof that plaintiff was an ex-
ception to the rule in this respect other than by inference
by reason of want of instruction as to how to avoid the
danger.   He was an adult twenty-three years of age.   In
Maki v. Union Pacific Coal Co., 187 Fed. 389, 109 C. C. A.
221, an order of the U. S. Circuit Court of this state
dismissing the case on the ground that the plaintiff in the
opening statement of his counsel to the jury failed to state
facts expected to be proven which, taken together, would
be sufficient upon which to predicate a recovery, the court
say: "Finally, attention is called to the rule that a recovery
may sometimes be had where the risk is obvious, but the
danger is not fully appreciated by the party injured; and
counsel argue the question whether or not the decedent ap-
preciated the danger, should have been submitted to the
jury.   But the decedent was a man presumably possessing
the ordinary faculties of an adult who has a sound mind
and body.   It is true that he was a Finlander; but the
statement of his counsel contained no intimation that he
could not see these engaging wheels, or could not under-
stand or know that they would crush a human being drawn
between them, that a person upon the revolving horizontal
wheel might be caught between them and that the clothes
of one caught between the engaging cogs would draw him
between the wheels; and in the absence of any claim or
declaration that he had not the ordinary intelligence, ability

and prudence of men in like situations, he must be presumed to have been a Finlander of ordinary prudence and intelligence. And one cannot be heard to say that he did not know or appreciate a danger, whose knowledge and appreciation were so unavoidable that a person of his prudence and intelligence could not have failed to perceive and appreciate it."

The plaintiff is presumed to have known the law of gravitation—that the coal would fall of its own weight if its support was removed, and that if it fell on him it would cause injury. (Swanson v. Great Northern Ry. Co., *supra;* Walsh v. Ry. Co., 27 Minn. 367, 8 N. W. 145; Olsen v. McMullen, 34 Minn. 94, 24 N. W. 318; Pederson v. City of Rushford, 41 Minn. 289, 42 N. W. 1063; Quick v. Iron Co., 47 Minn. 361, 50 N. W. 244.) In Thurman v. Pittsburg and M. Copper Co., 41 Mont. 141, 155, 108 Pac. 588, 591, the Supreme Court of Montana say: "While under the general rule it is the duty of the master to use ordinary care to furnish a reasonably safe place to work, and while this duty can not be delegated, in mining one of the necessary incidents of the employment of the servant is the making of the place in which he works; and any danger arising from the work as it progresses, caused by changing conditions, or the making of dangerous places safe, is assumed by the employee." In the case here there is no question that the room in which plaintiff was put to work was safe at the time he went to work. The conditions changed as the work of himself and Rotolo progressed, and such conditions so changed as a necessary incident of their work. The plaintiff and his co-employee tried to pry down the coal by inserting the iron bar in the crack. Prudence dictated to them the necessity of so doing, just as any reasonably prudent man would have done under like circumstances in order to avoid the danger of falling coal. True, plaintiff testified that he did not appreciate the danger of falling coal. His testimony must be considered in the light of his conduct and other evidence given by him

as to what occurred at the time. His attempt to pry down the coal must have been for some reason. Of course it was primarily for the purpose of loading it, and in doing so it was also necessary to get it down safely and without injury to anyone. He testified that the attempt to pry down the coal was for two purposes, (1) to get the coal down so as to load it, and (2) to avoid the danger of its falling, and further testified that it was a part of their duty after firing a shot to clean up, remove loose pieces of coal, and smooth off the face of the vein. The burden was upon the plaintiff to show that he did not appreciate the danger from the, coal falling. His own evidence to the effect that he attempted to pry it down for the purpose of avoiding danger from its falling, showed, we think, that he did so appreciate the danger and concluded him upon that question, or at least would not support a finding that he did not appreciate the danger, otherwise it would be necessary for the jury to disregard his evidence.

Defendant contends and its theory is that upon the allegations of the petition and the evidence it was an assumed risk on the part of the plaintiff. Such risk is not assumed by a servant when the latter is inexperienced and his employer, knowing that fact, has failed to warn and instruct him of the danger from latent defects in the place of the employment and the method of detecting and avoiding the same, and such failure is the proximate cause of injury to such servant. Such is the established rule. The issue of negligence here tendered cast the burden upon the plaintiff to prove that he was not only inexperienced, uninstructed and not warned under such circumstances as to constitute negligence on the part of his employer, but that such negligence was also the proximate cause of his injury. If it was not the proximate cause of his injury then the failure to warn and instruct the servant was not actionable negligence and as already stated we think the plaintiff failed to prove that the company's negligence, if any, was the proximate cause of his injury. We deem it unnecessary to dis-

cuss at length the sufficiency of the petition, for if it be sufficient as stating a cause of action the failure in the proof as already indicated would be fatal to the judgment.

Other specific assignments of error are presented, but in view of what we have already said we consider it unnecessary to discuss them other than to say that we have examined and considered the alleged errors in refusing to instruct the jury, as requested by defendant, and in giving instructions over defendant's objection, and find as to them no prejudicial error, and but for the failure of proof as indicated the instructions, would have fairly presented the case to the jury. For such failure of proof the defendant was entitled to the peremptory instructions requested by it for a finding in its favor, and the court erred in overruling its motion for a new trial upon that ground. The judgment will be reversed and the case remanded for further proceedings in the lower court.    *Reversed and remanded.*

POTTER, J. and BEARD, J., concur.