## MUSHINSKI *v.* VINCENT.

INJURY TO EMPLOYÉ—ASSUMPTION OF RISK.

An employé in a sawmill, who was injured by coming in contact with a circular saw beneath the table in which it ran, which saw he knew to be unprotected, was *held* to have assumed the risk, and to have no right of action against his employer.

Error to Presque Isle; Emerick, J.   Submitted October 9, 1903.   (Docket No. 39.)   Decided November 9, 1903.

Case by John Mushinski, by next friend, against Vincent D. Vincent, for personal injuries.   From a judgment for defendant on verdict directed by the court, plaintiff brings error.   Affirmed.

*I. S. Canfield,* for appellant.

*G. Covey, Jr.,* for appellee.

MONTGOMERY, J.   The plaintiff, who was at the time 19 years of age, was employed in the defendant's sawmill. He had worked in the same position two days under an earlier employment, and on a second employment had worked during the afternoon of May 22, 1900, and until 9 o'clock the next day, when he received the injuries in question.   A description of the sawmill and the manner of the accident is as follows:   The saw carriage runs east and west on a track, as is usual in such mills.   On the north side, and near the west end of this track, is a large circular saw, hung in its arbor; and on the same side, beyond the east end of such track, is the slab-saw table, while on the same side, and between the circular saw and the slab-saw table, are two other tables bearing rolls. There is a space of 22 inches between the slab-saw table and the next table to the west of it, in which the men stand while at work at the carriage.   The east end of the carriage track terminates south of and opposite this space.   The slab-saw table is 3½ feet long, east and west, 2 feet and 7 inches wide, and stands upon four timber legs, 2 feet high above the mill floor.   Under the table top and between the legs the space was open, except that there was a narrow board near the top on the west end.   The slab saw is hung in bearings on an arm that comes up through the mill floor under the south side of this table.   It is run by a belt from a shaft connected with a steam engine under the mill floor.   In sawing slabs, the operator

stands on the north side of the table, pulls the saw up through a slit in the top, makes the cut, and the saw drops back through this slit so that a very small portion of the saw only can be seen above the table top. The saw, 18 inches in diameter, is running all of the time the mill machinery is in motion. While assisting another employé in removing heavy plank from the mill floor to the saw carriage, plaintiff passed through the space between the slab-saw table and the table west of it, with his back to the slab saw, not then in use, and, in making the plank even at the ends on the saw carriage, his foot slipped, the right one came into contact with the unprotected saw under the table, and was cut off. The fact that the saw was not boxed in was open to observation. Indeed, one could not long work in the position which plaintiff occupied without knowing it, and he testified that he did know it. The plaintiff was not warned. The circuit judge directed a verdict for defendant on the ground that the plaintiff assumed the risk.

The plaintiff contends in this court that the question as to whether the plaintiff appreciated the danger should have been submitted to the jury. We think, however, that the danger from coming in contact with this exposed saw was so obvious that it must be held as matter of law to have been within the comprehension of an ordinarily intelligent person of plaintiff's age. The case is ruled by *Berlin* v. *Mershon*, 132 Mich. 183 (93 N. W. 248).

Judgment affirmed.

The other Justices concurred.