TOTH *v.* OSCEOLA MINING CO.

1. MASTER AND SERVANT—INSPECTION—PICK.

A pick is a simple tool, in common use, and no duty to inspect arises if the tool was reasonably fit in the first instance.

2. SAME—WARNING AND INSTRUCTING SERVANT.

It is matter of common knowledge that, when rock is struck forcibly with any iron tool, splinters are liable to fly so that an employer is not charged with the duty of warning an experienced miner of the danger.

Error to Houghton; Cooper, J., presiding. Submitted January 22, 1914. (Docket No. 58.) Decided April 7, 1914.

Case by John Toth against the Osceola Consolidated Mining Company for personal injuries. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*Le Gendre & Driscoll,* for appellant.

*Allen F. Rees (Rees, Robinson & Petermann,* of counsel), for appellee.

BROOKE, J. Plaintiff, a man 33 years of age, came to this country from southern Europe in the year 1909. His entire adult life had been spent in the performance of ordinary labor, except for a short time while he was in the army. He was employed by the defendant as a "dirt passer." The duty of a dirt passer in defendant's mine calls him to work in the stope with a pick and shovel. The rock, after it is blasted, must be broken up and shoveled down to a point where it can be loaded into cars. Some of the rock can be shoveled out without being broken, but other pieces are too large to be handled with a shovel, and have to be split or broken with a pick. The custom in force at defendant's mine at the time of the happening of the injury to the plaintiff required the plaintiff to call at the toolhouse at the mouth of the shaft, where he was handed a pick by the shift boss, which he took into the mine with him, using it as occasion required during his shift, and returning it to the toolhouse at the close of the shift. The shovels were left in the drift.

Plaintiff had worked for defendant for six days. Upon the first trial of the case, he swore that on each of these six days he was given a pick which he examined and found to be sharp, but that on the seventh day he was given a pick which he did not examine until after he received the injury complained of, when he found it to be dull. Upon this trial he testified that he could not remember having examined the picks

given him on the six earlier occasions, but that they were "good" picks. Plaintiff received the injury on account of which he brings suit in the following manner: In the course of his labor he came to a rock so large that it could not be handled with a shovel. He struck the rock at a point where there was a crack in it with his pick. The first blow was a light one, the second he struck with all of his strength, causing the rock to splinter, and a small particle entered one of his eyes. This injury later resulted in the loss of the sight of the injured eye. The negligence relied upon by the plaintiff is the failure of the defendant to give him a sharp or suitable pick with which to perform his labor, and the further failure to warn him of the danger of using a dull pick.

At the close of the testimony, the court directed a verdict for the defendant in the following language:

"The plaintiff claims that he was injured by the use of a dull pick while striking a rock, and causing splinters to fly into his eye. The undisputed evidence is that the plaintiff had this dull pick, and the question resolves itself right down to this question: Is it negligence on the part of the company to fail to warn a man that in striking a rock with a dull instrument, splinters are liable to come off of the rock and strike him and injure him? Now, it doesn't seem to me that is the question before this jury, and I don't see where the jury have anything to pass upon. It seems to me it is clearly a question of law, and, if the court must assume to pass upon the question as a matter of law, assuming what the plaintiff has shown to be true, the situation there is not contradicted. The defendant has not put in any evidence which contradicts the situation here as claimed by the plaintiff: First, that there was a dull pick handed to him. We must assume that as an established fact in this case, that the defendant did furnish a dull pick to do this work. We then would have only the one question left, and that was whether the defendant ought to warn him of the danger of striking rock with a dull pick and pieces might fly. It seems to me the court must pass

upon that as a question of law, and it is not a matter of fact, a question of fact, rather, for the jury. Now, the more I studied this case, the more it seems to me to come down simply to this: If A. hires B. to go out in the courtyard here to break up a rock, and gives him a hammer or a dull pick and an instrument of that kind, must he warn him when he goes out and strikes that rock, begins to break it, pieces are liable to fly? Now, it seems to me that the matter is one that an ordinary man of ordinary intelligence is bound to know, and it does not seem to me that, if that, you have got to warn the employee against that. If you order the employee to go and drive a nail in that door, you would have to stop and warn him of all danger that might possibly come from striking a nail with a hammer. It seems to me anybody who strikes a rock with a dull pick must know, when he begins to break that rock, there are going to be some pieces fly. It is so simple and so plain. I don't believe a warning is necessary. A man, when he hires out to work at a given employment, assumes all the ordinary risks of that employment. That rule of law claims it. This plaintiff here, when he went and hired himself out to the defendant in this case, he assumed all of the ordinary risks of his employment. It seems to me that this necessarily was an ordinary risk of the employment. I do not see any extraordinary thing about it. If he struck a rock with an instrument, he must have known, when he broke that rock, that pieces would fly. * * * Here is not a case of a defective tool. While it was dull, it had no defect in it, and the fact that it was dull was a matter that the plaintiff was bound and ought to know. When a man is handed a pick—a man of ordinary intelligence— and he was bound to be a man of ordinary intelligence when he sought the work he did, if he looks at a pick, he knows whether it is sharp or dull. He is bound to know. He can't take a pick and afterwards claim he didn't know it was dull. That is a matter so apparent and so obvious that, even if he was a child, the law would require him to know the pick was not a sharp pick; it was dull. We have the plaintiff bound to know he was using a dull pick. As I said at the outset, it was the same as if he was given a sledge hammer to break this rock. That he was bound to

know when he struck the rock with a dull instrument, when he struck a rock with any instrument, a man knows when he goes to break it there will be a certain amount of splinters fly around. That is all this case is. Therefore I conclude, under the law, I assume the responsibility and direct a verdict for the defendant."

We are of opinion that the direction was warranted. A pick is a tool of common use and of utmost simplicity. As to such tools, reasonably fit in the first instance, the master owes no duty of inspection. *Wachsmuth* v. *Electric Crane Co.*, 118 Mich. 275 (76 N. W. 497); *Meyer* v. *Ladewig*, 130 Wis. 566 (110 N. W. 419, 13 L. R. A. [N. S.] 684).

We think it must be said that it is a matter of common knowledge that, when a rock is struck with great force by any iron tool, whether sharp or dull, splinters are liable to fly as a result of the concussion. A man 33 years of age, who has spent his life in ordinary laborious occupations, could not reasonably be supposed to be ignorant upon this point and require instruction. His ignorance of English or of the customs of the country would not make instructions necessary. The results of such a blow are so common as to be of almost universal knowledge. The blow is struck; the splinters fly. No harm follows, unless, as in the instant case, through some adverse chance a flying particle reaches the eye of the operator. Under such circumstances, the master is under no duty to warn the servant of a danger so common and obvious. *Findlay* v. *Foundry Co.*, 108 Mich. 286 (66 N. W. 50); *Mushinski* v. *Vincent*, 135 Mich. 26 (97 N. W. 43); *Swick* v. *Cement Co.*, 147 Mich. 454 (111 N. W. 110); 4 Thompson on Negligence (2d Ed.), § 4061.

The judgment is affirmed.

MCALVAY, C. J., and KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.